**Rita WERNE, Plaintiff–Appellant,**

v.

**Robert SANDERSON, Anna Sanderson, Wayne Lowery, Linda Carter, Blan R. Nicholson, Anna Sanderson Trust, And Protection Unlimited, Inc., Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

March 18, 1997.

Application for Permission to Appeal Denied by Supreme Court Sept. 15, 1997.

Kathleen Caldwell, Memphis, for Plaintiff–Appellant.

---

1. The named defendants are Protection Unlimited, Inc., a corporation, and Robert Sanderson, Anna Sanderson, Wayne Lowrey, Linda Carter, Blan R. Nicholson, Anna Sanderson Trust, as stockholders, officers, and directors of the corporation.

Robert M. Friedman, Friedman, Sissman & Heaton, P.C., G. Patrick Arnoult, The Bogatin Law Firm, William W. Dunlap, Jr., Harris, Shelton, Dunlap & Cobb, Memphis, for Defendants–Appellees.

CRAWFORD, Presiding Judge, Western Section.

Plaintiff, Rita Werne, appeals from the order of the trial court granting summary judgment to the defendants[1] based on the doctrines of judicial estoppel and equitable estoppel.

On September 8, 1992, Werne filed a complaint against defendant alleging that she was a stockholder in Protection Unlimited, Inc. (PUI) by virtue of an inheritance of her father's stock. She sued the defendants for fraud, conspiracy, outrageous conduct, breach of fiduciary duties, oppression of minority stockholders, injunctive relief, an accounting, the removal of officers and directors, and damages and valuation of her stock.[2]

On November 18, 1992, the defendants together filed a Motion to Dismiss claiming that the complaint failed to state a claim and that the action was barred by the applicable statute of limitations. On March 2, 1993, Robert Sanderson, Wayne Lowery, and Linda Carter filed a motion entitled "Amended and Supplemental Motion to Dismiss or in the Alternative Motion for Summary Judgment." They asserted that Rita Werne was judicially estopped from prosecuting this suit because she acquiesced in, participated in, and was fully aware of the nature and gravamen of a suit instituted by her husband in 1985 in which he asserted a claim of ownership over the same shares of stock. They also asserted that her active participation in the previous suit caused her to come into the trial court with "unclean hands," and therefore, she should be barred from proceeding. On March 5, 1993, PUI filed a similar motion that asserted, *inter alia*, that Rita Werne was estopped from pursuing her claim. Fi-

---

2. Because of the narrow issue presented for review, a detailed statement of the complaint is not necessary.

nally, on April 1, 1993, Blan R. Nicholson filed a Motion to Dismiss or for Summary Judgment also asserting that Werne was judicially estopped.

The trial court considered all of these motions and their accompanying memoranda together with Werne's various responses. Because the trial court considered matters outside the pleadings, the motions were treated as motions for summary judgment. The trial court held that Werne was estopped from asserting a claim of ownership in the PUI stock by the doctrines of judicial estoppel and equitable estoppel. The trial court found that, although Werne was not a party to her husband's previous law suit, she "had knowledge, assisted and participated with her husband, Albert V. Werne, and ratified his acts" and that she submitted affidavits and sworn pleadings in the current suit that were inconsistent and in conflict with statements, affidavits, and pleadings set forth in the 1985 lawsuit. The court concluded that the result was a "fraud being perpetrated upon the Court." The trial court's order states in pertinent part:

1. That the Plaintiff, Rita Werne, in 1985, although she was not a party to the lawsuit, had knowledge, assisted and participated with her husband, Albert V. Werne, and ratified his acts, in the lawsuit filed in the Chancery Court of Shelby County, Tennessee, under docket No. 91983–3, regarding the issue of ownership of Stock Certificate No. 8 of the Defendant corporation, Protection Unlimited, Inc., which was dismissed in 1987 for failure to prosecute and was never revived; that in the instant litigation, Plaintiff has made statements, and has submitted affidavits and sworn pleadings regarding the issue of ownership of Stock Certificate No. 8 that are inconsistent and in conflict with statements, affidavits, and pleadings set forth in the 1985 lawsuit filed in Chancery Court by her husband, Albert V. Werne, whose actions she ratified and in which she participated; all of which has resulted in a fraud being perpetrated upon the Court. That based upon the doctrine of judicial estoppel, Plaintiff is estopped from asserting any claim for rights to ownership in Stock Certificate No. 8.

2. Plaintiff is also estopped by virtue of the doctrine of equitable estoppel, due to her participation and ratification of her husband's actions in the Chancery Court proceedings filed by her husband, Albert V. Werne, in 1985, over the very same Stock Certificate No. 8, and her now making statements, submitting affidavits, and filing sworn pleadings which are inconsistent and in conflict with those made by her husband, Albert V. Werne, in the Chancery Court proceedings filed in 1985, all of which have resulted in prejudice to the Defendants.

3. It is, therefore, unnecessary for the Court to consider whether or not there exist any genuine issues of material fact in the instant litigation, the Plaintiff being both judicially and equitably estopped from asserting her claim.

Werne has appealed and the only issue for review is whether the trial court erred in granting summary judgment on the basis of judicial estoppel or equitable estoppel. Defendants-appellees concede in their brief:

The only relevant issue to be decided by this Court is whether or not Plaintiff was judicially and equitably estopped from claiming ownership in the 51 shares of stock in Protection Unlimited, Inc. by reason of Plaintiff's 1984–85 conduct thereby preventing Plaintiff from proceeding in the prosecution of Plaintiff's 1992 Chancery Complaint.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. T.R.C.P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn.App.1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 210. On a motion for summary judgment, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take

the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id.* at 210–11.

Our review of the record discloses the following facts. After PUI was incorporated in September 1976, the corporation employed both Rita Werne and her husband, Albert Werne, in the marketing program. Rita Werne's father, W.P. Baker, was also employed by PUI to help with marketing. On May 11, 1977, Albert Werne received an option to purchase 10% of the PUI stock in exchange for 2% of his annual sales commission. In June or July of 1977, W.P. Baker received 51 shares of PUI stock apparently in exchange for his services. W.P. Baker died on March 3, 1980 leaving his estate, including the 51 shares, to his wife. When W.P. Baker's wife died in 1983, Rita Werne became the owner of the 51 shares.[3]

Werne testified that she desired to sell the shares in PUI back to the corporation, and on or about October 18, 1984, she signed the back of a copy of the stock certificate that evidenced her ownership over to her husband, Albert Werne. Although Rita Werne admits that she signed a copy of the certificate over to her husband, she claims that she was only authorizing him to deal with the corporation in order to obtain the best possible price. In his affidavit, Albert Werne stated that she signed the stock over to him only to facilitate a sale. When PUI refused to transfer the shares to him, Albert Werne filed a complaint against PUI. In the complaint, dated March 19, 1985, Albert Werne alleged that Rita Werne had transferred the shares to him and that PUI had wrongfully refused to transfer the stock into his name. Albert Werne's suit was later dismissed for lack of prosecution.

█ Litigants should not be allowed to obtain an advantage or attempt to do so by pleading inconsistent facts within their personal knowledge in two lawsuits with the possibility of prevailing in both suits. *Leatherwood v. United Parcel Service,* 708 S.W.2d 396, 402 (Tenn.App.1985). In *Woods v.*

*Woods,* 638 S.W.2d 403 (Tenn.App.1982), this Court discussed the application of judicial estoppel:

> Judicial estoppel is, strictly speaking, not a true estoppel. It has been termed a *quasi* estoppel which estops a party from playing fast and loose with the courts by contradicting a previous position or previous testimony during a course of litigation or during a subsequent action.
>
> The doctrine of judicial estoppel applies only where there has been a willful misstatement of fact—that is, perjury.

*Id.* at 405–06 (citations omitted). Under the doctrine of judicial estoppel as followed in a long line of cases in this state, no showing of prejudice is necessary. *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492, 502 (1955), but in order for the judicial estoppel to apply, the party against whom the estoppel is urged must have made a statement of fact under oath that he or she later seeks to contradict. *Id.*

In this case, Rita Werne was not a party to Albert Werne's 1985 suit, nor did she make any statements of fact under oath. Therefore, we hold that the doctrine of judicial estoppel is inapplicable in this case.

█ The trial court also based its dismissal of Werne's cause of action on the doctrine of equitable estoppel. The elements of equitable estoppel were set forth by this Court in *Consumer Credit Union v. Hite,* 801 S.W.2d 822 (Tenn.App.1990):

> The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge

---

**3.** The estate passed to Rita Werne and her brother, W.P. Baker, Jr. Baker, Jr. assigned his interest in the stock to Rita Werne making her the sole owner.

and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially, 19 Am.Jur.Estoppel § . 42, pp. 642–643.

*Id.* at 825 (citing *Callahan v. Town of Middleton,* 41 Tenn.App. 21, 292 S.W.2d 501 (1954)). Estoppel requires as a minimum (1) reliance upon the statement or actions of another without opportunity to know the truth and (2) action based on that reliance which results in detriment to the one acting. *Campbell v. Precision Rubber Products Corp.,* 737 S.W.2d 283, 286 (Tenn.App.1987).

The defendants argue that Rita Werne's involvement in the 1985 suit is the equivalent of a misrepresentation. Rita Werne did not make any representations during her husband's 1985 suit, and the record does not show any conduct by her during the 1985 suit that conveys the impression of inconsistent facts. Rita Werne testified that she signed the back of a copy of the certificate to facilitate a sale, not to transfer ownership to Albert Werne. Rita Werne never signed the original certificate evidencing her ownership of the 51 shares. The record also shows that her involvement in the 1985 suit was minimal at best. Finally, the record does not show that the defendants relied to their detriment upon the conduct of Rita Werne. To the contrary, the defendants refused to recognize the stock certificate in any manner. The facts simply do not establish equitable estoppel.

The defendants argue that Rita Werne's ratification of her husband's actions in 1985 makes her liable for his acts. A spouse may ratify the fraudulent act of the other so as to become liable for the fraud itself by accepting or retaining the benefits of the act knowing it was tainted with fraud. *Dodson v. Anderson,* 710 S.W.2d 510, 512 (Tenn.1986). However, the record does not establish as a matter of law that Rita Werne ratified the acts of her husband nor that she was cognizant of the pleadings in his 1985 lawsuit.

Accordingly, the order of the trial court is reversed, and this case is remanded for such other proceedings as necessary. Costs of this appeal are assessed against the appellee.

HIGHERS and FARMER, JJ., concur.