# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 20, 2004 Session

## RITA WERNE v. ROBERT SANDERSON, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
No. 101911-1      Walter L. Evans, Chancellor

### No. W2002-02118-COA-R3-CV - Filed June 2, 2004

The trial court found Plaintiff was the owner of disputed stock, but had failed to prove monetary damages. We affirm in part and remand for further proceedings regarding damages.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Daryl G. Hawkins, Columbia, South Carolina and Vincent K. Seiler, Jackson, Tennessee, for the appellant, Rita Werne.

William W. Heaton and G. Patrick Arnoult, Memphis, Tennessee, for the appellees, Protection Unlimited, Inc., Wayne Lowery and Linda Carter.

William W. Dunlap, Jr., Memphis, Tennessee, for the appellee, Blan R. Nicholson.

James J. McMahon, Memphis, Tennessee, for the appellee, Estate of Anna Sanderson, Deceased and James T. Bland, Jr., Memphis, Tennessee, for the appellee, Anna Sanderson Trust

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the second appearance of this case in this Court. Rita Werne (Ms. Werne) commenced this action in 1992, asserting she was a stockholder in Protection Unlimited, Inc. (PUI) by virtue of an inheritance of stock ("Certificate No. 8") issued to her father, W. P. Baker (Mr. Baker). This stock is 51 shares, or 17% of the total stock of PUI. Ms. Werne filed suit alleging fraud, conspiracy, outrageous conduct, breach of fiduciary duties, and oppression of minority stockholders. She prayed for injunctive relief, an accounting, the removal of officers and directors, and damages and valuation of her stock.

Defendants raised the defenses of failure to state a claim, statute of limitations, estoppel, judicial estoppel, and waiver of claim of ownership. In 1995, the trial court awarded Defendants summary judgment, holding that Ms. Werne was estopped from asserting a claim of ownership of PUI stock by the doctrines of judicial estoppel and equitable estoppel. Ms. Werne appealed, and this Court reversed, holding the case was not barred by either the doctrine of judicial estoppel or the doctrine of equitable estoppel. *Werne v. Sanderson*, 954 S.W.2d 742 (Tenn. Ct. App. 1997) (*"Werne I"*). We accordingly remanded the cause for further proceedings. *Id.*

On remand, at the close of Plaintiff's proof, the trial court awarded directed verdicts to defendants Anna Sanderson, the Anna Sanderson Trust, and Blan R. Nicholson. The trial court determined the matter was not barred by the statute of limitations, and that the owners of Certificate No. 8 were not precluded from asserting their rights under the certificate. The court found that Certificate No. 8, the certificate for 51 shares of PUI stock originally issued to Mr. Baker, was a valid obligation of PUI, and that upon the death of Mr. Baker the stock became part of his estate.

The trial court determined that Ms. Werne and her husband, Albert Werne (Mr. Werne), owned one-half each of the 51 shares of stock of PUI. The court ordered PUI to issue two substitute certificates in the names of Rita Werne and Albert Werne, and enjoined Defendants from denying Ms. Werne her shareholder rights in PUI. The trial court found Ms. Werne had failed to carry her burden of proof in establishing any willful outrageous misconduct, fraud, conspiracy, or breach of fiduciary duties as alleged in her complaint. It further held that Ms. Werne had failed to carry her burden of proof in establishing monetary damages. Ms. Werne filed a timely notice of appeal to this Court.

### *Issues Presented*

Ms. Werne raises the following issues for our review:

(1)     Whether the trial court erred in dismissing defendants Blan Nicholson, Anna Sanderson Trust and Anna Sanderson, and in finding Plaintiff failed to carry her burden of proof in establishing monetary damages where the trial court limited the Plaintiff's proof to two issues : 1) who is the owner of the 51 shares of stock; and 2) the authenticity/validity of the stock.

-2-

(2)     Whether the trial court erred in failing to grant Plaintiff's motion for a continuance.

Appellees present the additional issue of whether the trial court erred in failing to find the action was barred by the statute of limitations, laches, judicial estoppel, and equitable estoppel.

### *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). Thus, we may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### *Analysis*

We begin our analysis by disposing of Appellees' assertion that Ms. Werne's action is barred by the doctrines of judicial or equitable estoppel. These defenses were addressed by this Court in *Werne I*, where we held Ms. Werne was neither judicially nor equitably estopped from asserting this claim. This determination is, therefore, the law of this case and will not be revisited here.

Appellees further assert that the trial court erred in awarding Mr. Werne any shares of stock since Mr. Werne was precluded from any right to ownership when his earlier action against Appellees was dismissed in 1987 and not refiled within one year. They additionally assert that the trial court erred in awarding shares to Mr. Werne as Mr. Werne was not a party to the current action, made no request for relief, and had no standing to receive the award. We disagree.

Mr. Werne did not file a claim asserting ownership of the stock, thus the issue of whether Mr. Werne's claim against Appellees was forever barred when his 1987 claim was dismissed and not refiled is irrelevant to the case at bar. Mr. Werne is not a party to the current action, thus the question of whether Mr. Werne may assert a claim to ownership of the stock was not before the trial court and is not before this Court on appeal. Further, as Appellees note, the issue of Mr. Werne's ownership of stock was never adjudicated, thus the matter is not *res adjudicata*. Thus, although Mr. Werne may be precluded from bringing an action to assert a claim to ownership of the stock, it was not error for the trial court to determine Mr. Werne owned part of the stock in the current action by Ms. Werne.

The trial court determined that Certificate No. 8 was issued to Ms. Werne's father, Mr. Baker, that it was a valid obligation of PUI, and that upon Mr. Baker's death it became part of his estate. Once the trial court determined the Certificate was valid, the question become one of to whom the Certificate rightfully passed upon Mr. Baker's death. Assuming, arguendo, that Mr.

Werne has no ownership interest in the Certificate, it would pass in its entirety to Ms. Werne or to Mr. Baker's other heirs or beneficiaries. The Certificate would remain a valid obligation of PUI regardless of who owned it. Appellees simply have no standing to assert that the Certificate, as part of Mr. Baker's estate, should pass only to Ms. Werne, and to no other heir or beneficiary. Ms. Werne has not appealed the trial court's determination that she and Mr. Werne each own one-half interest in the Certificate, thus we decline to address the issue here.

Additionally, upon review of the record, we agree with the trial court that this cause of action is not barred by the statute of limitations. Defendants contend that, based on communication between Mr. Werne and PUI, Ms. Werne knew or should have known no later than 1983 that PUI would not comply with her request to reissue the stock in her name or buy the stock back from her. The record includes two letters from Blan R. Nicholson, counsel for PUI, regarding the stock at issue. Neither of these letters would serve to put Ms. Werne on notice that PUI intended to deny the validity of Certificate No. 8. Defendants simply have failed to prove the affirmative defense of the statute of limitations.

We turn next to PUI's assertion that this claim is barred by the doctrine of laches. We agree with the trial court that the doctrine of laches is not applicable to this case regarding the issues of stock ownership and damages which may have resulted from PUI's failure to transfer the stock to Ms. Werne in 1983. However, having reviewed the entire record, we agree with PUI that the doctrine of laches is applicable to Ms. Werne's claims alleging fraud, conspiracy, breach of fiduciary duty, and outrageous conduct. The key players in the events leading to this hearing are either deceased, too ill to travel, or simply do not remember the details of the stock transactions which began in 1977. We accordingly affirm the judgment of the trial court in favor of Blan Nicholson, Anna Sanderson, and the Anna Sanderson Trust. We also affirm dismissal of Ms. Werne's claims alleging fraud, conspiracy, breach of fiduciary duty, and outrageous conduct on the part of the individual Defendants.

We next address Ms. Werne's assertion that the trial court erred in establishing that Ms. Werne had failed to carry her burden of proof in establishing damages. Ms. Werne acted *pro se* when this matter was heard in July 2002. Additionally, in its January 13, 2002, order denying Defendants' motion to dismiss and pretrial order, the trial court stated, "this case is set for trial on the merits as to the issue of the authenticity and/or ownership of the stock certificate . . . each side who contends that it should receive the stock certificate will have to establish its right to the ownership and/or possession of the stock certificate . . ." Further, Ms. Werne apparently believed she had retained counsel as of July 12, 2002, the date on which she agreed to "go forward," acting *pro se* at the hearing set for July 15. On the morning of the July 15, Ms. Werne moved for a continuance of the matter, stating: "I had no idea the extent of what else I had to do."

Considering the entire record in this case, we do not believe the trial court erred in refusing to grant a continuance of the July 15 hearing, a hearing which was, by order of the trial court, a hearing on issues of ownership of Certificate No. 8. Further, in light of the trial court's findings on the matter of ownership, any such error would have been harmless. The trial court made extensive

and detailed findings of fact concerning the issue of ownership, and the evidence does not preponderate against the trial court's findings.

We agree with Ms. Werne, however, that the trial court erred in determining Ms. Werne did not carry her burden of proof with regard to the issue of damages incidental to ownership of the stock dating from 1983. We believe the combination of denying Ms. Werne's motion for a continuance and requiring her to proceed *pro se* with issues not scheduled for hearing works an injustice insofar as damages arising from PUI's refusal to recognize Ms. Werne's ownership of Certificate No. 8 are concerned. Clearly, Ms. Werne was unprepared to offer evidence of such damages. And unlike the tort claims against the individual Defendants, this claim has not been rendered untenable by the passing of time. Therefore, we remand for further proceedings to determine the sole issue of the amount of damages, if any, resulting from PUI's failure to transfer the stock to Ms. Werne in 1983.

Costs of this appeal are taxed one-half to Protection Unlimited, Inc., and one-half to Ms. Rita Werne and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE