GREENWOOD *v.* NATIONAL BISCUIT CO., INC.

(*Nashville,* December Term, 1939.)

Opinion filed December 16, 1939.

R. O. Valley, of Memphis, for plaintiff.

Metcalf, Metcalf & Apperson, of Memphis, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiff, Grace Snell Greenwood, has appealed to this court from the judgment dismissing her suit on demurrer.

It is alleged in the declaration which was filed October 31, 1938, that plaintiff was employed by defendant, National Biscuit Company, for a number of years prior to December 30, 1936, and while in the course of her employment was injured, sustaining a hernia; that plaintiff and defendant filed a joint petition in the Probate Court of Shelby County, to approve a settlement under the Workmen's Compensation Act, Code 1932, section 6851 et seq., and on December 30, 1936, a consent decree was entered, which is copied in full in the declaration in the instant case. It is insisted in the judgment that the employee, Grace Snell (she having thereafter married Greenwood), had been employed by the National Biscuit Company; that throughout the course of her employment her duties mainly consisted of wrapping packages and lifting twelve pound containers to be placed upon a truck in the em-

ployer's plant in Memphis, Tennessee; that on or about August 14, 1936, the employee, after she had ceased work for the day, noticed a small lump or swelling in her side; that neither at that time nor prior, nor since, did she experience any sudden pain or physical discomfort from this swelling that she discovered in her side, but she continued to work at her usual duties until about August 25, 1936, when she went on a two weeks' vacation. That on or about September 8, 1936, she reported her condition to her employer for the first time, and she was sent to Dr. John L. Dies for examination. That Dr. Dies diagnosed the swelling as a hernia, and was very doubtful that the hernia was the result of any accident (received injury) at the plant of the employer, for the reason that the employee was unable to tell him of any definite time or any unusual occurrence, because she did not feel any pain at the time, did not feel anything give or tear and experienced no nausea or vomiting; that he was of the further opinion that it would be unusual for a twelve pound container to bring on such a hernia; that the employee procured the services of her own physician to operate on her and has taken care of her own doctor bill and hospital expenses, and "has remained away from work for the purpose of recuperating up to the present time, that because of the doubtful question as to whether or not the hernia was received through accidental means in the course of her employment, and, therefore, compensable under the Tennessee Workmen's Compensation Act", the employer and the employee agreed to compromise the question by the employer "paying the sum of $75 to the employee in full settlement of any and all claims that the employee may have under the Tennessee Workmen's Compensation Act, and the employer has agreed further to take the em-

ployee back to work and give her suitable work in her condition." The judgment further recited that the court after thoroughly considering the matter found that the settlement "is fair and just, under the facts and circumstances, and should be approved. It is therefore ordered, adjudged and decreed that the final compensation settlement arrived at between Grace Snell, employee, and National Biscuit Company, employer, whereby the employee is to recover $75.00 and be taken back to work by the employer in full and complete settlement of claims that she might have under the terms and provisions of the Tennessee Workmen's Compensation Act, be and the same is hereby approved and the employer be and it is hereby released and discharged from any further claims by the employee, Grace Snell, because of the hernia which she discovered existing in her body on or about August 14, 1936."

It is further alleged in the declaration that the defendant paid the plaintiff the sum of $75, as set out in said decree, and that the plaintiff paid her own doctor and hospital bills, and "that until the first day of October 1937, the plaintiff was incapacitated by reason of said operation and resulting nervous breakdown from doing any kind of work." It was further averred that on the 11th day of October, 1937, the plaintiff applied to defendant for work and "was told that they had no place for her at that time and to come back later"; that she had repeatedly, since that time, requested work from the defendant in accordance with their above agreement, but was informed that they had no place for her; that "she was completely recovered when she first applied for work again and was able and willing to carry on the same kind of work that she had been doing at the time she was injured." That on October 24, 1938, the de-

fendant wrote her attorney as follows: "We do not see that we are under any obligation to re-employ Miss Snell now or in the future and accordingly must deny her claim." It was further averred that plaintiff had tried to get other employment, but had not been able to do so.

Defendant demurred to the declaration upon three grounds, in substance as follows:

(1) That the judgment of the Probate Court shows clearly that both the payment of $75 and the taking of plaintiff back to work was to be executed immediately; that the plaintiff was to be given suitable work at once, in her then condition; that as the plaintiff failed to report for work in accordance with the judgment, she had waived or abandoned any rights she might have had for re-employment.

(2) Because the agreement sued on contemplates that plaintiff was bound to apply for work suitable to her condition within a reasonable time.

(3) That if plaintiff was ill or incapacitated from doing any kind of work from December 30, 1936, the date of the judgment, until October 1, 1937, a period of nine months, the contract or agreement to take her back to work was terminated.

The question presented for determination is whether defendant was obligated under the decree of the Probate Court to take plaintiff back to work when she applied to defendant for work on October 11, 1937, more than nine months after the date of the decree.

The decree recites that plaintiff after her operation for hernia "has remained away from work for the purpose of recuperating up to the present time." (December 30, 1936). And "the employer and employee had agreed to compromise the question by the employee ac-

cepting and the employer paying the sum of $75 to the employee in full settlement of any and all claims that the employee may have under the Tennessee Workmen's Compensation Act and the employer has agreed further to take the employee back to work and give her suitable work in her condition." And, "It is therefore, ordered, adjudged and decreed that the final compensation settlement . . . whereby the employee is to receive $75 and be taken back to work by the employer in full and complete settlement of claims that she might have . . . be and the same is hereby approved," etc.

Plaintiff, according to the averments in the declaration, did not apply to defendant for work until October 11, 1937, a period of nine months after the making of the settlement. We think the fair construction of the decree of the Probate Court is that defendant bound itself to return plaintiff to work within a reasonable time after the compensation settlement. No time limit was fixed in the settlement within which defendant was obligated to give her work. We think that the settlement contemplated that defendant should give plaintiff work within a reasonable time after the date of the settlement. The declaration avers that until the 1st day of October, 1937, "the plaintiff was incapacitated by reason of said operation and resulting nervous breakdown from doing any kind of work." We do not think defendant was under obligation of holding a place open for her for an indefinite period of time. The provision in the decree obligated the defendant to give plaintiff "suitable work in her condition." This meant her condition as it existed on the date of the settlement. But as averred in the declaration, she was incapacitated from doing any kind of work until October 1, 1937. When plaintiff did apply for work on October 11, 1937, she was told "that

they had no place for her at that time and to come back later;" that she, thereafter, from time to time, requested work from the defendant but was "consistently" told that they had no place for her, and was finally advised by letter of date October 24, 1938, that defendant was not "under any obligation to re-employ Miss Snell now or in the future and accordingly must deny her claim"; this letter being addressed to plaintiff's attorney.

■ Plaintiff was incapacitated from doing any kind of work for nine months after the settlement. If, as claimed by plaintiff, defendant was bound to take her back at the end of nine months, then a like claim could be made at the end of a period of years. We think the delay of nine months was unreasonable and relieved defendant from any obligation to return plaintiff to work.

■ It is generally held that a contract for personal services is terminated by the sickness or permanent disability of a servant whereby he is rendered unable to perform his contract, unless contracted to the contrary. 39 C. J., 78; 18 R. C. L., 513.

From the fact that defendant agreed on December 30, 1936, to take plaintiff back and give her "suitable work in her condition," it may be inferred that it had open a place for her at that time. Defendant, a business concern, could not, of course, be held to the duty of maintaining a vacant place in its organization until plaintiff should apply for re-employment at some distant date, and without knowledge that she would ever apply.

Our conclusion is that the judgment of the trial court sustaining the demurrer and dismissing the suit is without error and must be affirmed. Plaintiff will pay the cost of the appeal.