**Frank LEATHERWOOD,
Plaintiff-Appellant,**

v.

**UNITED PARCEL SERVICE and
Liberty Mutual Insurance Co.,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Oct. 28, 1985.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 13, 1986.

Eugene Gaerig, Memphis, for plaintiff-appellant.

Tim Wade Hellen, Memphis, for Liberty Mut. Ins. Co.

Charles Hampton White, Nashville, for United Parcel Service.

CRAWFORD, Judge.

Plaintiff, Frank M. Leatherwood (hereinafter plaintiff or Leatherwood), appeals from the trial court's order granting summary judgment to defendants in his suit against his employer, United Parcel Service (hereinafter UPS), and its workers' compensation carrier, Liberty Mutual Insurance Company (hereinafter Liberty).

Leatherwood was a delivery truck driver for UPS in Memphis and in the course and scope of his employment was assaulted on August 31, 1982, sustaining injuries on and about his face. On October 19, 1982, while he was in the course and scope of his employment as a delivery truck driver he was again assaulted receiving injuries to his right arm. As a result of this second

assault, he developed a traumatic neurosis and was off work until March 28, 1983, during which time he was paid temporary total disability benefits. Leatherwood contended, and his physicians so advised UPS prior to Leatherwood returning to work, that he was unable to perform his duties as a city driver. Thus, upon returning to work on March 28, 1983, Leatherwood sought employment from UPS as an "inside the grounds driver." Leatherwood contends that UPS failed to cooperate in providing other work for him. He concedes that he was placed in a job of loading and unloading trucks but he contends, and his physicians reported to UPS, that he was unable physically to continue such work. On or about June 9, 1983, Leatherwood was placed on medical leave of absence without pay, and he asserts that he was told that his workers' compensation benefits would be resumed. However, plaintiff maintains that he obtained no further benefits until the culmination of his workers' compensation lawsuit.

Leatherwood's suit against Liberty for workers' compensation benefits was concluded May 8, 1984, in Division V of the Circuit Court at Memphis and in that trial he claimed that he was entitled to 100% permanent disability benefits and the bad faith penalty for Liberty's handling of the claim. The trial court awarded him 50% permanent disability to the body as a whole and denied any further recovery by way of penalty. There was no appeal from the judgment of the trial court in the workers' compensation case and the instant lawsuit was filed shortly after the judgment was entered.

Plaintiff's original 12 page complaint suing his employer, UPS, was filed May 29, 1984, and alleges in substance that Leatherwood sustained work-related injuries on August 31, 1982, and October 19, 1982, which were covered by the Workers' Compensation Act. The complaint avers that UPS harassed and intimidated him to prevent him from exercising his rights under the Workers' Compensation Act, that UPS violated his constitutional rights under § 17, Article I and § 21, Article I of the Constitution of the State of Tennessee, that UPS made misrepresentations to him that were fraudulent, that UPS intentionally inflicted mental and emotional anguish upon him, that the actions of UPS constituted outrageous conduct and that he was discharged in retaliation for making a workers' compensation claim.

On June 6, 1984, plaintiff filed what he terms an "amended complaint" of ten pages in which he adds Liberty as a party defendant. A reading of the "amended complaint" leads us to believe that plaintiff did not intend for this to be an amended complaint since he apparently is still relying upon the original complaint. Therefore, we will consider this document to be an amendment to the complaint. Plaintiff alleges that Liberty is the workers' compensation carrier for UPS and intentionally inflicted mental and emotional anguish upon him in its handling of his workers' compensation claim. Plaintiff also alleges that Liberty conspired to defraud the plaintiff of his benefits under the Workers' Compensation Act and conspired to convert workers' compensation benefits due him. Plaintiff further alleges that Liberty was guilty of outrageous conduct in its handling of his workers' compensation claim.

Both defendants filed motions for summary judgment. In support of their summary judgment motions the defendants relied upon the exclusive remedy provision of the Workers' Compensation Act, T.C.A. § 50–6–108, maintained that the previous judgment in the workers' compensation case was *res adjudicata*, and contended that plaintiff had failed to state a claim upon which relief could be granted. In addition, UPS asserted that the terms and provisions of the collective bargaining agreement between it and plaintiff's union contained grievance procedures dealing with the discharge of employees that are binding on Leatherwood.

In essence Leatherwood asserts that UPS and Liberty harassed and intimidated him because he had sustained a work related injury and that UPS would not give him

another job driving inside the grounds, although representing to him that if he qualified he would be given the job. He contends that they misrepresented the qualifications necessary for another job and that they also misrepresented to him that he would receive workers' compensation benefits when he was put on a medical leave of absence in June, 1983. He contends that Liberty conspired with UPS to deprive him of his workers' compensation benefits and to harass and intimidate him. Plaintiff further contends that both defendants were guilty of outrageous conduct.

The trial court found in granting summary judgment that there was no genuine issue of any material fact and that the exclusive remedy provision of the Tennessee Workers' Compensation Act barred plaintiff's action.

Leatherwood presents three issues for review by this court, but two of the issues can be combined into the single issue of whether the trial court erred in granting summary judgment for the defendant. We will discuss this issue first.

Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R.Civ.P. 56.03 (1984). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent to the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App. 1985); *Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983).

As we previously noted in addition to all of the other allegations of the complaint, plaintiff alleged that he was discharged by UPS in retaliation for making a workers' compensation claim. With the exception of this allegation all of the other allegations against UPS and Liberty concern the activities of the defendants in their efforts to harass and intimidate him and treat him unfairly regarding his claim for workers' compensation.

■ The benefits conferred by our Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depend solely upon statutory authority. T.C.A. § 50–6–101 *et seq.* (1983).

T.C.A. § 50–6–108 (1983) provides:

*Right to compensation exclusive.*—The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

The workers' compensation insurer is deemed an employer under the Act. T.C.A. § 50–6–102(3)(1983).

Leatherwood contends that his cause of action against the defendants is not within the purview of the Workers' Compensation Act because it is not an "injury" that arose out of and in the course of his employment. The purpose of the Workers' Compensation Act is to afford injured workers just compensation for their injuries. The most that can be said on behalf of plaintiff's contention under the alleged facts of this case is that the defendants' acts constituted a threat to deprive Leatherwood of his just workers' compensation benefits. However, it is not subject to controversy that these alleged acts were not successful since Leatherwood recovered workers' compensation benefits based upon an award of 50% permanent disability to the body as a whole.

In *Liberty Mutual Insurance Company v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963), the employee filed a workers' compensation claim seeking compensation under the Act as well as punitive damages for the actions of the insurance carrier in its handling of the claim. The trial court made an award of permanent partial disability pursuant to the Act and also awarded the employee a judgment for punitive damages in the amount of $2,500 for the alleged mishandling of the claim by the insurance company. The Supreme Court reversed the trial court on its award of punitive damages and held unequivocably that punitive damages could not be recovered under the Act. In so holding, the Court said:

> Thus, it is that when one has elected, as they have herein, to come under the Workmen's Compensation Act and have elected to bring their suit for compensation under the Act, this remedy is exclusive. The statutory enactment is set forth in § 50–901 et seq., T.C.A., and contains no provision wherein the failure to comply with the terms of this Act penalizes anyone any more than the right that the Commissioner of Labor might exercise in seeing that the employers comply with the provisions of the Act and pay compensation to laborers. This Act constitutes a complete substitute for previous remedies in tort on the part of an employee, and protects the employee in literally hundreds of ways whereby an employee and his family can get a scheduled amount for various and sundry injuries to feed and care for him while the employee is ailing from these injuries. The Legislature has made the rights of the employee and employer the exclusive remedy. When one accepts benefits under an Act of this kind they must likewise take the burdens. If the Legislature in enacting these different benefits under this Workmen's Compensation Act had seen fit to penalize a delinquent or recalcitrant or an employer who came within the terms where punitive or damages of that kind would apply, they would have enacted such a statute. This

> statute has been on the books now for forty odd years. Of course, we know as a matter of practical knowledge that over the years many things of the kind have come up, but the Legislature evidently hasn't thought this was a sufficient reason to make them speed up the rights and remedies of the employee or certainly they would have enacted something long since. There is no provision in the Act for punitive damages or any of its synonymous terms.

*Id.* at 762.

The Court in emphasizing the exclusive nature of the Act further said:

> The best reasoning we have seen on this proposition is contained in Larson's Workmen's Compensation, Vol. 2, beginning at page 138, § 65.30. The first paragraph or two of this section discusses disfigurement cases and other cases of the kind where there is no provision made under the Act for compensation. Since the Act doesn't contain any provision for such things, loss of teeth and things of that kind which do not come within the Act, it sometimes seems kind of hard, but since the Act doesn't provide for it there is no way to compensate the man. Then the author says this:
>
> " * * * What will the new boundary on the elements of damage be, short of the entire range of tort elements, including pain and suffering, impotency, loss of child-bearing capacity, loss of consortium, exemplary damages, and so on? It may be argued that refusal to recognize these items as compensable is unfair to the claimant, but this argument forgets that we are here dealing with the non-fault liability of an employer to an employee who may have well brought on the injury by his own personal negligence. Such liability can be justified as a social measure to prevent hardship due to wage loss, present and prospective, but there is no basis in the philosophy or purpose of workmen's compensation for making no-fault awards which bear no relation to earning capacity merely because the claimant has suffered some

other kind of loss which arouses one's sympathy. * * *

"The point here is not that such losses should go unremedied, but that if a legislature sets out to undo the injustice of denying a remedy for such losses both under the compensation acts and at common law, it would do better to restore the common-law remedy. This would be more equitable from the employer's point of view, because he would be liable only when actionable negligence attributable to him could be shown, and from the employee's point of view, because he would not be held down to maximum limits of two or three thousand dollars for injuries which might, at common law, bring verdicts of many times that amount."

*Id.* at 763.

In conclusion, the Court said:

... the Act doesn't penalize the employer or his insurance carrier for failure to comply therewith in the allowance of punitive damages or its synonymous terms. Of course, some states do have statutory provisions for penalties if the compensation carrier, or the employer, hasn't complied with the terms of the Act by acting arbitrarily or capriciously without probable cause, such as in the case of Fruge v. Pacific Employers Ins. Co., 226 La. 530, 76 So.2d 719, 721. The penalties allowed there were purely statutory penalties. In every such case that we can find it is only where the penalties are made statutory and not growing out of the punitive element that might be awarded in tort actions where the facts justify the award.

*Id.* at 763–64.

Although the case at bar and *Stevenson* did not reach the courts in the same manner, both cases sought damages by virtue of an alleged mishandling of workers' compensation claims by the employer and its insurance carrier. It should also be noted that following the opinion in *Stevenson* our legislature enacted a penal provision as part of the Workers' Compensation Act codified as T.C.A. § 50–6–205 (1984 Supp.), which provides that "[a]ny employer or his insurance carrier who fails to pay compensation as herein provided shall suffer a penalty of six percent (6%) on any unpaid installments." This statute has been interpreted to require bad faith on the part of the employer to justify the penal award. *See Mayes v. Genesco, Inc.,* 510 S.W.2d 882 (Tenn.1974). The legislature did not undertake to add any further provisions concerning the actions of the employer in dealing with the employee concerning workers' compensation benefits.

■ We feel that the trial court was correct and that the claims we mentioned should be barred by T.C.A. § 50–6–108.

■ As we pointed out plaintiff also alleges that he was discharged in retaliation for making a workers' compensation claim. In *Clanton v. Cain-Sloan Company,* 677 S.W.2d 441 (Tenn.1984), our Supreme Court held that an employee at will who is discharged because the employee filed a workers' compensation claim has a cause of action for retaliatory discharge against the employer. The cause of action warrants the recovery of both compensatory and punitive damages. *Id.* at 445. Such a cause of action would not be within the exclusive remedy rule provided by T.C.A. § 50–6–108.

■ From plaintiff's deposition and affidavit and the testimony by deposition of plaintiff's physicians, it is uncontroverted in this record that plaintiff is disabled to the extent that he is unable to perform his duties of employment as a city truck driver. It is further uncontroverted that UPS provided a job in another capacity for plaintiff which he was likewise unable to perform because of his physical condition. While plaintiff's cause of action alleges retaliatory discharge, the allegations of facts in the complaints and the testimony of plaintiff are clear that his real grievance is that UPS did not furnish him with some other job which he is physically able to perform. If there is any obligation on the part of the employer to provide other employment, it must be contractually created.

Plaintiff does not contend that there is any such obligation in this case. Even if plaintiff had made such a contention, the employer's contractual liability, if any, would be in the collective bargaining agreement which has established grievance procedures that must be observed if the benefits of the contract are sought. Therefore, we do not perceive the employer's failure to provide alternative employment as constituting retaliatory discharge within the meaning of the cause of action established in *Clanton.*

Plaintiff contended that he was 100% disabled in his workers' compensation suit against UPS and Liberty. Plaintiff testified under oath that he was unable to perform the duties of his employment with UPS and the trial court found that he was 50% permanently disabled. In an employment contract, an implied condition, absent an agreement otherwise, is that both parties must be alive and capable of performing. *Ridges v. Williams,* 15 Tenn.App. 197 (1932). It is generally held that a contract for personal services is terminated by the sickness or permanent disability of a servant whereby he is rendered unable to perform his contract unless contracted to the contrary. *Greenwood v. National Biscuit Co.,* 175 Tenn. 302, 134 S.W.2d 149, (1939).

Leatherwood's workers' compensation suit was premised on the fact that he was 100% disabled and his testimony was to the effect that he was unable to perform the duties for which he was employed by UPS. Leatherwood now takes an inconsistent position and alleges that he was discharged by UPS in retaliation for making his workers' compensation claim. A litigant should not be allowed to obtain an advantage for himself or attempt to do so by pleading inconsistent facts within his personal knowledge in two lawsuits with the possibility of prevailing in both suits. *See Melton v. Anderson,* 32 Tenn.App. 335, 222 S.W.2d 666 (1948). In short, the record in this case is clear that there is no controverted issue of fact about Leatherwood's disability to perform the duties of his employment with UPS. We find no legal duty on the part of the employer to furnish the disabled employee some other job which he may be able to perform. The record does not reveal any disputed issue of determinative fact and therefore as a matter of law defendants are entitled to summary judgment.

Leatherwood also presents an issue concerning the trial court's action regarding discovery. After the motions for summary judgment were filed, Leatherwood sought discovery under the Tennessee Rules of Civil Procedure and on motion of the defendants the trial court granted a stay of discovery proceedings pending the decision on the motions for summary judgment. While we agree with plaintiff that limitations on discovery concerning pending motions for summary judgment should be granted sparingly, we also recognize that there are cases where further discovery would be oppressive to the defendant. Assuming that all of the facts alleged by plaintiff and substantiated by plaintiff's affidavit and deposition were true, the summary judgments were properly granted in the case before us. Under these circumstances we can find no reversible error in the trial court's action in staying the discovery sought by plaintiff.

Accordingly, the order of the trial court granting summary judgment to defendants is affirmed, and costs are assessed against the appellant.

NEARN, P.J., and HIGHERS, J., concur.