IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2004 Session

## JERRY BALES v. DIALYSIS CLINIC, INC.

### Direct Appeal from the Circuit Court for Hamilton County
No. 00C2117     Hon. Samuel H. Payne, Circuit Judge

---

### No. E2003-03059-COA-R3-CV - FILED NOVEMBER 29, 2004

---

Action alleged retaliatory discharge for filing workers compensation claim.  Employer defended termination on grounds employee was unable to perform his job due to disability.  The Trial Court granted defendant summary judgment.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Denny E. Mobbs, Cleveland, Tennessee, for Appellant.

Tim K. Garrett, Nashville, Tennessee, for Appellee.

### OPINION

In this action for retaliatory discharge for filing a workers compensation claim, the Trial Court granted defendant employer summary judgment.  Plaintiff has appealed.

In the Complaint, Plaintiff averred that he was terminated from his employment in retaliation for having filed a workers compensation claim.  He alleged he injured his shoulder on May 22, 1999, while lifting a patient at work, and underwent medical treatment and surgeries for the injury.  He stated he was unable to work since August 1999, was still being treated by the doctor, had restrictions on the use of his arm, and was yet to receive a permanent disability rating. He stated he was continuing to receive temporary total disability benefits from the insurance carrier.

Plaintiff further alleged that he was put on medical leave on August 6, 1999, and exhausted the twelve weeks the employer allowed, but he was then given additional thirty days of personal leave by the employer, which expired on December 3, 1999. At that point, his position was terminated.

Defendant in its answer, essentially admitted most of the factual allegations in the Complaint, but stated that plaintiff was discharged because there was no light duty work available.

Defendant then filed a Motion for Summary Judgment, and the Court, in its Order granting summary judgment, stated that plaintiff did not file for workers compensation benefits, but the carrier filed the claim, and when plaintiff was released to return to work on August 16, 1999, with restrictions of no lifting with his left arm and no use of his left arm for half the day, the defendant terminated plaintiff because he was not able to perform his job. The Court concluded by finding that the plaintiff could not establish a causal link as he claimed, because the evidence was undisputed that plaintiff could not perform the essential functions of his job, and was terminated pursuant to defendant's legitimate policy.

The issue on appeal is whether a presumption of retaliation should arise when an employer discharges an employee prior to the employee reaching maximum medical improvement after a workers compensation injury.

To establish a retaliatory discharge for filing a workers compensation claim, the plaintiff must show:

> (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.
>
> The burden of proof rests, of course, upon the plaintiff to prove the elements of the cause of action, including a causal relationship between the claim for workers' compensation benefits and the termination of employment. Proof of discharge without evidence of a causal relationship between the claim for benefits and the discharge does not present an issue for the jury.

*Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-559 (Tenn. 1993).

Plaintiff concedes he has no real evidence of a causal relationship between the workers compensation claim and his termination, but asked the Court to adopt a rule of law that termination of an injured worker prior to his medical treatment being completed and maximum medical improvement being reached is compelling circumstantial evidence of a causal link between

the exercise of workers compensation rights and termination, thus satisfying the "substantial factor" requirement. To adopt this rule, however, would require this Court to overrule precedent of this Court and offer some compelling and overriding reason why we should not follow Supreme Court precedent.

It is well-settled that termination without any evidence of a causal link to the workers compensation claim is insufficient to prove retaliatory discharge. *See Anderson*. In *Anderson*, the proof was that the plaintiff could not return to work due to medical restrictions which rendered her unable to perform her job. Plaintiff's testimony was that her employment was terminated because "I'd been out so long ... they didn't have the time to wait." *Id*. at 559. The *Anderson* Court found that since there was no evidence of a causal relationship between the workers comp claim and the plaintiff's termination, summary judgment was properly granted to the employer. *Id., see also Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646 (Tenn. 1995) (termination allowed if employee is not physically able to do the work required by the job). *Accord: Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 685 (Tenn. Ct. App. 1999); *see also Thomason v. Better-Bilt Aluminum Products, Inc.*, 831 S.W.2d 291 (Tenn. Ct. App. 1992); *Leatherwood v. United Parcel Service*, 708 S.W.2d 396 (Tenn. Ct. App. 1985).

Based on the above precedent, it is clear the Trial Court properly granted summary judgment.

The Judgment of the Trial Court is affirmed and the cost of the appeal is assessed to Jerry Bales.

_____
HERSCHEL PICKENS FRANKS, P.J.