IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2021

## TERRELL BIGGS, JR. v. LIBERTY MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Sullivan County**
**No. C41023          John S. McLellan, III, Judge**

_____

### No. E2021-00138-COA-R3-CV

_____

The plaintiff challenges the order of the Sullivan County Circuit Court ("trial court") granting summary judgment in favor of the defendant, Liberty Insurance Corporation[1] ("Liberty"), and dismissing his complaint on the merits with prejudice. The trial court granted summary judgment to Liberty based on lack of subject matter jurisdiction and its conclusion that the plaintiff would be unable to produce sufficient evidence at trial to withstand a motion for directed verdict. Because the plaintiff's claims are barred by the exclusive remedy provision of the Tennessee Workers' Compensation Act, we affirm the trial court's grant of summary judgment to Liberty, albeit for a different reason than that found by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Michael C. Murphy, Morristown, Tennessee, for the appellant, Terrell Biggs, Jr.

Brian C. Neal and Alexandria A. Rhoades, Nashville, Tennessee, for the appellee, Liberty Insurance Corporation.

### OPINION

#### I. Factual and Procedural Background

The plaintiff, Terrell Biggs, Jr., a former employee of White's Discount Foods, Inc., in Johnson City, Tennessee, suffered a spinal cord injury in May 1990 when a pallet of

_____

[1] According to the defendant's pleadings, it was incorrectly named in the plaintiff's complaint and notice of appeal as Liberty Mutual Insurance Company.

sugar rolled down the ramp of a truck and struck Mr. Biggs while he was assisting with the set-up of a store in Boone, North Carolina. Mr. Biggs subsequently filed a workers' compensation action in the Washington County Law Court ("Washington County court"), which entered an order in June 1992, concluding that the incident had rendered Mr. Biggs permanently disabled and awarding him permanent total disability benefits and lifetime future medical benefits. Upon Mr. Biggs's request, the Washington County court entered a second order in October 1992, awarding Mr. Biggs a one-time commutation of his workers' compensation disability benefits. Mr. Biggs, however, maintained his right to future medical expenses. As the workers' compensation carrier, Liberty became responsible for paying all of Mr. Biggs's future medical expenses related to his back injury.

Mr. Biggs received medical benefits from Liberty without issue until 2014 when Liberty allegedly pressured Mr. Biggs to accept a lump-sum settlement offer in lieu of future medical benefits, forced him to receive pain management from a pain clinic rather than his physician of twenty-four years, and denied approval of and payment for prescribed pain medications. On May 5, 2015, Mr. Biggs filed a complaint in the trial court alleging that Liberty had engaged in or committed (1) outrageous conduct and intentional infliction of emotional distress, (2) fraudulent and intentional misrepresentation, and (3) a violation of the covenant of good faith and fair dealing. Mr. Biggs's three causes of actions derived from what he perceived to be Liberty's "interference and disruption" with his medical care to "extort," "harass," and pressure him to accept Liberty's settlement offer.

Specifically, Mr. Biggs averred that Liberty had sent him a letter detailing a settlement offer in May 2014, which coincided with a "pattern and practice" of denying payment for and approval of his prescribed pain medications. In addition, Mr. Biggs asserted that Liberty had fraudulently and falsely expressed to him that his long-time orthopedic physician, Dr. Galen Smith, was no longer willing to treat him for pain management. Mr. Biggs further alleged that Liberty had attempted to force him to seek pain management at an out-of-town pain clinic in Knoxville, Tennessee, a five-hour round trip from Mr. Biggs's home in Kingsport, Tennessee. Mr. Biggs also asserted that Liberty had falsely and fraudulently expressed to him that there were no local pain management doctors in Kingsport. According to Mr. Biggs, when he eventually began seeking treatment from a Kingsport pain clinic, Liberty continued to deny approval for prescribed pain medication. As a result of Liberty's alleged actions and omissions, Mr. Biggs claimed that he had suffered physical pain, mental and emotional injury, and loss of enjoyment of life.

On February 4, 2016, Liberty responded with a motion to dismiss Mr. Biggs's complaint. Therein, Liberty contended that the trial court should dismiss the complaint because (1) Mr. Biggs's claims were barred by the exclusive remedy provision in Tennessee Code Annotated § 50-6-108 of the Tennessee Workers' Compensation Act and (2) the trial court lacked subject matter jurisdiction pursuant to the prior suit pending doctrine inasmuch as Mr. Biggs's workers' compensation claim had been heard by the

Washington County court in 1992. Following a hearing, the trial court entered an order on July 5, 2016, denying Liberty's motion to dismiss.

Thereafter, Liberty filed an answer to Mr. Biggs's complaint on September 19, 2016. In its answer, Liberty denied that it had interfered with Mr. Biggs's medical care or that it had engaged in a pattern or practice of denying payment for any treatment that would have been deemed reasonable, authorized, and/or necessary under the Tennessee Workers' Compensation Act. Liberty justified any refusal on its part to approve or pay for certain medications by citing recommendations that came from "Utilization Review."[2] According to Liberty, following a utilization review, conducted by Dr. Paul Lafavore, Liberty denied certain treatments ordered by Dr. Smith and recommended that Mr. Biggs wean off Lortab, one of two pain medications that Dr. Smith had prescribed. Ultimately, Liberty asserted that it had complied with the provisions of the Tennessee Workers' Compensation Act.

Three years later, on October 22, 2019, Liberty filed a motion for summary judgment, a supporting memorandum of law, and a statement of undisputed material facts. Liberty again argued that the trial court lacked subject matter jurisdiction under the prior suit pending doctrine and the "doctrine of civil contempt," asserting that Mr. Biggs's claims had to be addressed in the Washington County court where the workers' compensation orders had originated. Moreover, Liberty reiterated that the three causes of action asserted by Mr. Biggs were barred by the exclusive remedy provision of Tennessee Code Annotated § 50-6-108. Lastly, Liberty contended that Mr. Biggs would be unable to prove the elements of his claims. Mr. Biggs subsequently filed several responses to Liberty's motion for summary judgment.

The trial court conducted a hearing with regard to Liberty's motion for summary judgment on January 17, 2020. During the hearing, the trial court expressed that it could not make sense of Mr. Biggs's responses to Liberty's motion for summary judgment and statement of undisputed material facts, emphasizing that Mr. Biggs had failed to properly cite to the record in his responses. In response to Liberty's argument that the trial court lacked subject matter jurisdiction, Mr. Biggs's counsel argued that the court had already dismissed Liberty's postulate when it denied its motion to dismiss in July 2016. Mr.

---

[2] Tennessee Code Annotated § 50-6-102(20) (Supp. 2021) defines utilization review, in pertinent part, as:

> [E]valuation of the necessity, appropriateness, efficiency and quality of medical care services, including the prescribing of one (1) or more Schedule II, III, or IV controlled substances for pain management for a period of time exceeding ninety (90) days from the initial prescription of such controlled substances, provided to an injured or disabled employee based on medically accepted standards and an objective evaluation of those services provided.

Biggs's counsel nevertheless orally requested that the court transfer the case to the Washington County court.[3]

The trial court entered its order granting Liberty's motion for summary judgment on March 4, 2020, also denying Mr. Biggs's request for transfer. The trial court deemed Liberty's statement of undisputed material facts admitted due to Mr. Biggs's failure to properly respond. In the court's conclusions of law, it found that it lacked subject matter jurisdiction based on Mr. Biggs's failure to contest Liberty's argument on this point. Notwithstanding its conclusion that it lacked subject matter jurisdiction, the court also granted Liberty's motion for summary judgment on the merits and concluded that Mr. Biggs would have been unable to produce sufficient evidence at trial to withstand a motion for directed verdict. The trial court dismissed Mr. Biggs's suit against Liberty with prejudice. After filing an unsuccessful motion to alter or amend the judgment, Mr. Biggs timely appealed.

## II. Issue Presented

Mr. Biggs raises one issue on appeal, which we have restated slightly as follows:

Whether the trial court erred in granting Liberty's motion for summary judgment.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the

---

[3] There is no indication in the record that Mr. Biggs filed a written motion to transfer his case to the Washington County court.

- 4 -

nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant— and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Exclusive Remedy Provision of Tennessee's Workers' Compensation Act

It is undisputed that Mr. Biggs's relationship with Liberty derived from a 1992 order entered by the Washington County court, which had awarded Mr. Biggs future medical benefits and named Liberty as the workers' compensation carrier responsible for paying such benefits. Mr. Biggs alleged in his complaint two common law tort claims, intentional infliction of emotional distress and intentional misrepresentation, and a common law contract claim, violation of the covenant of good faith and fair dealing. In its motion for summary judgment and supporting memorandum, Liberty posited that the Tennessee Workers' Compensation Act ("the Act") provided the exclusive remedy for a Tennessee workers' compensation plaintiff, pursuant to Tennessee Code Annotated § 50-6-108, and that this provision excluded all other rights and remedies not provided for by the Act. Although the trial court did not address this argument in its order granting summary judgment, we agree with Liberty and conclude that this was the proper predicate for granting Liberty's motion for summary judgment and dismissing Mr. Biggs's complaint.

The Act confers benefits that are "purely statutory," and "the circumstances under which they are paid and the manner in which they are calculated depend solely upon statutory authority." *Perry v. Transamerica Ins. Grp.*, 703 S.W.2d 151, 153 (Tenn. Ct. App. 1985); *see Curtis v. G.E. Cap. Modular Space*, 155 S.W.3d 877, 882 (Tenn. 2005) ("The right to workers' compensation benefits is a unique concept in the law, derived solely from statutory provisions rather than from the common law."). This Court has previously explained that the Act "involve[s] a *quid pro quo* in that workers give up certain common law rights against their employers in return for a system providing more certain compensation, totally independent of any fault on the part of the employer." *Perry*, 703 S.W.2d at 153.

Under the Act, the relinquishment of common law rights and remedies on the part of employees is codified in Tennessee Code Annotated § 50-6-108 (2014), which provides in pertinent part:

> (a)   The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of the employee, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.

The exclusive remedy provision of the Act is "triggered when an employee suffers an injury arising out of and in the course and scope of employment." *Clawson v. Burrow*, 250 S.W.3d 59, 62 (Tenn. Ct. App. 2007). "[T]he employee must accept the remedies of the Workers' Compensation Law, and those remedies exclude all of the employee's other rights and remedies." *Id.*

Moreover, the Act defines "employer" to include the employer's insurer. Tenn. Code Ann. § 50-6-102(13) (Supp. 2021) provides:

"Employer" includes any individual, firm, association or corporation, the receiver or trustee of the individual, firm, association or corporation, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay, except as provided in § 50-6-902, and, in the case of an employer engaged in the mining and production of coal, one (1) employee for pay. If the employer is insured, it shall include the employer's insurer, unless otherwise provided in this chapter[.]

(Emphasis added.) *See Perry*, 703 S.W.2d at 154 ("[U]nder our statute the insurer is equated fully and completely with the employer").

Therefore, an action against the employer's compensation carrier does not fall outside the scope of the Act or the exclusive remedy provision. In fact, this Court has specifically affirmed trial courts in dismissing suits pursuant to the exclusive remedy provision when workers' compensation plaintiffs have sought "damages by virtue of an alleged mishandling of workers' compensation claims by the employer and its insurance carrier." *See Leatherwood v. United Parcel Serv.*, 708 S.W.2d 396, 401 (Tenn. Ct. App. 1985); *see, e.g.*, *Davis v. Alexsis, Inc.*, 2 S.W.3d 228, 229-30 (Tenn. Ct. App. 1999); *Perry*, 703 S.W.2d at 154.

We find the facts of *Perry* to be nearly identical to the facts of the present case and therefore illustrative. In *Perry*, this Court considered whether the Act's exclusive remedy provision "bar[red] an employee who ha[d] sustained a compensable injury covered by the act from maintaining an independent action against the workers' compensation carrier of the employer." *Perry*, 703 S.W.2d 151. The *Perry* plaintiff filed a complaint in the Shelby County Circuit Court against the defendant compensation carrier based on its "alleged bad faith in handling the workers' compensation claim, negligence in regard to handling that claim, and outrageous conduct." *Id.* Similar to Mr. Biggs's allegations against Liberty, the *Perry* plaintiff asserted that the defendant had failed to "furnish her with a choice of physicians," timely pay her benefits, and authorize her admission into a hospital for a scheduled surgery. *Id.* at 152. The defendant compensation carrier filed a motion to dismiss, arguing that the Act provided the exclusive remedy for the plaintiff and that the Act's exclusive "penal provisions for bad faith failure to pay benefits was likewise an exclusive remedy." *Id.* at 153. The circuit court accordingly granted the motion to dismiss. *Id.*

In affirming the circuit court's order dismissing the plaintiff's complaint, the *Perry* Court rejected the plaintiff's argument that her damages "arose from an 'injury' that did

- 7 -

not occur in the course of her employment" and thereby rendered her suit outside the scope of the Act. *Id.* at 154. In rejecting this argument, this Court concluded:

> Workers' compensation rights are purely creatures of statute, and, therefore, we must look to the particular statute with which we are dealing. It has already been pointed out that under our statute the insurer is equated fully and completely with the employer. The acts complained of were committed by a representative of the insurer. Paraphrasing the intent of the statute, the acts complained of were committed by a representative of the employer.

*Id.* Therefore, inasmuch as the alleged "mishandling of the workers' comp claim" was committed by a representative of the insurer and, by extension, the employer, this Court concluded that the Act governed the remedies available to the workers' compensation plaintiff and affirmed the circuit court's order dismissing the complaint, determining that the plaintiff did not have a cause of action. *Id.* at 155-56.

Although he presents no argument in his appellate brief as to why the exclusive remedy provision should not preclude his claims, Mr. Biggs argued in the trial court that intentional torts fall outside the scope of the exclusive remedy provision. Tennessee courts have indeed created an exception to the exclusive remedy provision if "the employee is able to prove the employer had an actual intent to injure the employee." *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 46 (Tenn. Ct. App. 1993). However, this exception has been limited to the original injury for which workers' compensation benefits were initially sought rather than to a subsequent alleged injury, such as Mr. Biggs's claim, against a compensation carrier for the mishandling of a workers' compensation claim. *See id*.

In *Leatherwood*, the plaintiff alleged, much like Mr. Biggs has, that the defendant compensation carrier had "intentionally inflicted mental and emotional anguish upon him in its handling of his workers' compensation claim," committed outrageous conduct, and conspired to defraud the plaintiff of his benefits. *Leatherwood*, 708 S.W.2d at 398. Despite the intentional nature of these allegations, this Court affirmed the trial court's order granting summary judgment based on the Act's exclusive remedy provision. *Id.* While noting that the legislature had enacted a penalty provision for insurance carriers who failed to pay compensation, this Court concluded: "The legislature did not undertake to add any further provisions concerning the actions of the employer in dealing with the employee concerning workers' compensation benefits." *Id.* at 401.

Finally, we note that the trial court granted Liberty's motion based on, *inter alia*, a lack of subject matter jurisdiction. We conclude that the trial court erred in determining that it lacked subject matter jurisdiction. According to the trial court's order, it lacked subject matter jurisdiction because Mr. Biggs had failed to respond to Liberty's arguments concerning subject matter jurisdiction. However, Mr. Biggs's failure to respond to Liberty's argument did not deny the trial court the power to hear and adjudicate his claims.

- 8 -

In addition, Liberty concedes on appeal that the trial court did in fact possess subject matter jurisdiction respecting Mr. Biggs's tort and contract claims because Mr. Biggs alleged that he had suffered harm in Sullivan County. *See* Tenn. Code Ann. § 16-10-101 (2021) ("The circuit court is a court of general jurisdiction, and the judge of the circuit court shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."); Tenn. Code Ann. § 20-4-101(a) (2021) ("In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides."); *Five Star Express, Inc. v. Davis*, 866 S.W.2d 944, 945 n.1 (Tenn. 1993) ("Typical examples of transitory actions are actions sounding in tort and contract."). We agree with Liberty's concession on appeal and conclude that the trial court possessed subject matter jurisdiction to adjudicate Mr. Biggs's claims.

Despite the trial court's erroneous conclusion that it lacked subject matter jurisdiction over Mr. Biggs's claims, we may still affirm the overall decision of the trial court to grant Liberty's motion for summary judgment. *See In re Conservatorship for Allen*, No. E2010-01625-COA-R10-CV, 2010 WL 5549037, at *8 (Tenn. Ct. App. Dec. 29, 2010) ("We are empowered on appeal to sustain the trial court's order if it reached the correct result for the wrong reasons."). Therefore, we affirm the trial court's order granting Liberty's motion for summary judgment but on the basis that the exclusive remedy provision of the Act precluded Mr. Biggs's common law claims.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order granting Liberty's motion for summary judgment and dismissing Mr. Biggs's complaint with prejudice. Accordingly, we remand this case for collection of costs below. Costs on appeal are taxed to the appellant, Terrell Biggs, Jr.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE