James **WOODS** and Felix **Woods**,
Plaintiffs-Appellees,

v.

Willie Delorese **WOODS**,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 8, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 30, 1982.

Harry W. Camp, Camp & Roney, McMinnville, for plaintiffs-appellees.

Frank Buck, Smithville, for defendant-appellant.

## OPINION

LEWIS, Judge.

The issue presented by this appeal is whether defendant Willie Delorese Woods is estopped from asserting her rights as the surviving spouse of William Alton Woods, deceased. The Trial Judge held that she was estopped and this appeal ensued.

The facts upon which the Trial Judge based his judgment were stipulated by the parties and are set out as follows:

Come now the parties and stipulate and agree as follows:

1. The only issue in this case is whether Willie Delorese Woods is the legal widow of William Alton Woods for the purpose of administration and distribution of his estate.

2. If Willie Delorese Woods prevailed on the issues stated in Stipulation No. 1, it is agreed that the certificate of death should be amended so as to reflect in Item 10 thereon that the deceased William Alton Woods was married rather than divorced.

3. William Alton Woods and Willie Delorese McCormick went through a marriage ceremony on November 26, 1980. No question is raised about the technical validity of that ceremony.

4. William Alton Woods was, as a matter of fact, sexually impotent and sexual intercourse was attempted several times (7 or 8 times) but never consumated [sic].

5. On January 22, 1981, a complaint for annulment was filed. The attached exhibit is an exact copy of said complaint.

6. William Alton Woods died January 30, 1981, while the action for annulment was pending.

7. An order of voluntary nonsuit was entered in the annulment action on February 9, 1981.

8. The Last Will and Testament of William Alton Woods was properly probated and filed on February 2, 1981 and the attached exhibit is an exact copy of said Will.

9. Willie Delorese Woods timely filed her dissent from the Will, an exact copy of which is exhibited to this stipulation. No question is made as to the technical validity of this dissent. William Alton Woods had been previously married and had four surviving children as indicated in the Will, some of whom are minors.

10. No additional facts will be presented to the court unless requested by the court. The stipulation of fact does not necessarily mean that that fact is relevant, but simply that it is true for the purpose of this litigation.

Defendant's complaint seeking an annulment abated upon the death of her husband, *see Swan v. Harrison,* 42 Tenn. 534 (1865); 55 C.J.S. *Marriage* § 69 (1948), nevertheless, she voluntarily dismissed her suit on February 9, 1981.

Plaintiffs, Executors of the last will and testament of William Alton Woods, filed their complaint against defendant seeking a declaratory judgment "whether Defendant is or is not the legal widow of William Alton Woods for the purpose of administering the estate."

The Trial Judge found that defendant "is not the legal widow of William Alton Woods within the meaning of the laws of the state of Tennessee pertaining to descent and distribution or marital rights of surviving spouses" and further, that her dissent from the will "is of no effect and void." We respectfully disagree.

That defendant is the surviving spouse of William Alton Woods is without question. Even if we assume that every allegation contained in defendant's complaint seeking an annulment is true and that after a hearing an annulment would have been granted, it does not change the fact that the alleged facts make out a case for a voidable marriage but not a void marriage.

A marriage is void from the beginning (1) when either party was already lawfully married; or (2) . . .; or (3) when the parties are within prohibited degrees of kinship; or (4) when, for any other reason, the marriage was prohibited by law, and its continuance is in violation of law. [Citations omitted.]

A marriage is voidable from the beginning (1) when either party was insane; or (2) the complainant was under duress; or (3) was under the age of consent; or (4) when the consent was obtained by force, or fraud, and was given by mistake; or (5) *when the defendant was impotent;* or (6) when the woman was pregnant by another man without the knowledge of the complainant; or (7) when, for any other reason, the marriage was not binding on the complainant. [Emphasis supplied.]

2 *Gibson's Suits in Chancery* § 1147 note 10 (5th ed. 1956).

In *Gordon v. Pollard,* 207 Tenn. 45, 49–50, 336 S.W.2d 25, 27 (1960), the Court stated:

It is the position of the defendants below that the marriage of the plaintiff and defendant, Johnny Pollard, was neither void nor voidable, however, the defendants contend that the marriage was at most voidable. The marriage of the plaintiff and the defendant, Johnny Pollard, was not prohibited by a positive statute or against strong public policy of the State of Mississippi or the State of Tennessee, therefore, the marriage was not void as if it had never been. The marriage may have been voidable because the plaintiff was then seventeen years of age, however, the marriage was valid until it was avoided by the legal proceedings incurred against the defendant.

■ Defendant's marriage to the deceased was a valid marriage which at most was voidable because of the impotence of the deceased and was valid until avoided by the legal proceeding instituted by defendant. Defendant's complaint for annulment abated upon the death of her husband. She is the surviving spouse of the deceased, William Alton Woods, and is entitled to dissent from the will of William Alton Woods, deceased, pursuant to T.C.A. § 31–614, unless she is, under the facts in the instant case, judicially estopped.

Plaintiffs contend that defendant is judicially estopped from now maintaining the validity of her marriage to the deceased because she had earlier filed a complaint in which she alleged that her marriage to the deceased had never been consummated and was therefore void.

■ Judicial estoppel is, strictly speaking, not a true estoppel. *Monroe County Motor Co. v. Tennessee Odin Insurance Co.,*

33 Tenn.App. 223, 231, 231 S.W.2d 386, 390 (1950). It has been termed a *quasi* estoppel which estops a party from playing fast and loose with the courts by contradicting a previous position or previous testimony during a course of litigation or during a subsequent action. 31 C.J.S. *Estoppel* §§ 117(b) and 121(b) (1964).

■ The doctrine of judicial estoppel applies only where there has been a willful misstatement of fact—that is, perjury. 33 Tenn.App. at 237, 231 S.W.2d at 393. It does not apply where there has been an explanation showing that the previous allegedly contradictory statement was inadvertent, inconsiderate, mistaken, or anything short of a wilfully false statement of fact. *D. M. Rose & Co. v. Snyder*, 185 Tenn. 499, 520, 206 S.W.2d 897, 906 (1947).

■ We are of the opinion that the doctrine of judicial estoppel has no application to the facts in the instant case. Defendant here is not taking an inconsistent position. She alleged facts in her complaint which, if proven, would have entitled her to an annulment of the marriage. Defendant's husband died before there was a hearing and, upon his death, the complaint abated. There was no legal proceeding to void the marriage of defendant and the deceased. Therefore, when defendant filed her dissent· from the will, she simply stated that she was the surviving spouse and signified her dissent from the will. She is, in fact, the surviving spouse.

The judgment of the Trial Court is reversed with costs to plaintiffs and the cause remanded to the Trial Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.