IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2003 Session

ADRIAN B. SCAIFE v. A. CHANTELLE ROBERSON, ADMINISTRATRIX
OF THE ESTATE OF JOHN D. KNOWLES, JR.

Appeal from the Chancery Court for Hamilton County
No. 02-0123     Howell N. Peoples, Chancellor

FILED MARCH 21, 2003

No. E2002-02666-COA-R3-CV

John D. Knowles, Jr. ("Deceased") died intestate in December of 2000. A Petition for Intestate Administration ("Petition") filed in April of 2001, listed Adrian Scaife ("Plaintiff") as one of Deceased's daughters. This Petition never was granted. Several months later, an Amended Petition for Intestate Administration ("Amended Petition") was filed. The Amended Petition listed Plaintiff as an heir, but did not state Plaintiff's relationship to the Deceased. A. Chantelle Roberson ("Defendant") sought to be appointed administratrix of the Deceased's estate (the "Estate") and signed the Amended Petition. The Amended Petition was granted and Defendant was named administratrix of the Estate in June of 2001. The Notice to Creditors for the Estate was published in June and July of 2001. Notice to Creditor letters were sent to all known creditors and any persons having claims, or believed to have claims, against the Estate. Plaintiff received a copy of the Letters of Administration and a Notice to Creditor letter informing her that in order to inherit from the Deceased, she would need to establish paternity within the four month time period allowed to creditors for filing claims. Plaintiff took no steps to establish paternity within the four month period. In February of 2002, Plaintiff sued seeking to prohibit Defendant from denying Plaintiff is a child of the Deceased. The Trial Court granted Defendant summary judgment. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

John E. Eberly, Chattanooga, Tennessee, for the Appellant, Adrian B. Scaife.

A. Chantelle Roberson, Chattanooga, Tennessee for the Appellee, A. Chantelle Roberson, Administratrix of the Estate of John D. Knowles, Jr.

## OPINION

## Background

The Deceased died intestate in December of 2000. The Petition filed in April of 2001, listed Pamela Knowles Shepherd, Wanda Knowles, Belinda Moore, Veronica Southern, and Adrian Scaife as daughters of the Deceased and Kenneth Hinton as the Deceased's son. In the Petition, Ms. Shepherd and Ms. Knowles sought to be appointed administrators of the Estate. The Petition was accompanied by three identical affidavits signed, respectively, by Ms. Moore, Ms. Southern, and Plaintiff reciting that each was one of the five children of the Deceased.[1] Each of the three affiants waived their right to administer the Estate and joined in the Petition. This Petition never was granted.

In June of 2001, an Amended Petition was filed. Defendant signed the Amended Petition seeking to be appointed administratrix of the Estate. The Amended Petition listed Ms. Shepherd, Ms. Knowles, and Ms. Moore as the Deceased's daughters. The Amended Petition also listed Ms. Scaife and Mr. Hinton as heirs, but did not identify their relationship to the Deceased. The Amended Petition was accompanied by three identical affidavits signed, respectively, by Ms. Moore, Ms. Shepard, and Ms. Knowles. The affidavits recited that each affiant was one of the three children of the Deceased and consented to Defendant's serving as administratrix of the Estate. Defendant was appointed administratrix of the Estate in June of 2001.

Defendant sent a copy of the Letters of Administration to each of the six individuals listed in the Amended Petition. The Notice to Creditors for the Estate was published on June 29, 2001, and July 6, 2001. On July 31, 2001, Notice to Creditor letters were sent to all known creditors and any persons having claims, or believed to have claims, against the Estate. Plaintiff received a copy of the Letters of Administration and the Notice to Creditors letter informing her of her need to establish paternity within the four month period. Plaintiff took no steps to establish paternity within the four month period.

Mr. Hinton filed a separate suit in Hamilton County Chancery Court to establish his paternity. That case was tried in March of 2002, and the court declared the Deceased to be Kenneth Hinton's biological father. The Estate has appealed that decision in a separate appeal.

Plaintiff filed suit in February of 2002, seeking to prohibit Defendant from denying Plaintiff is a child of the Deceased, or in the alternative to have the court establish she is a child of the Deceased. Defendant filed a motion for summary judgment asserting Plaintiff's claim is barred by the applicable statute of limitations that requires creditors to file claims against the Estate within

---

[1]Mr. Hinton's paternity was not addressed in the affidavits.

four months after the Notice to Creditors is published. The Trial Court granted Defendant summary judgment. Plaintiff appeals.

## Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in granting summary judgment; 2) whether the Trial Court erred in holding Defendant is not estopped from denying Plaintiff is an heir of the Deceased. We will address each issue in turn.

As our Supreme Court has instructed:

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423. 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

"Our Supreme Court [has] held that 'a child born out of wedlock may inherit from and through his father . . . where paternity is established by clear and convincing proof and . . . where rights of inheritance have not finally vested.'" *Brady v. Smith*, 56 S.W.3d 523, 525 (Tenn. Ct. App. 2001) (quoting *Allen v. Harvey*, 568 S.W.2d 829, 835 (Tenn. 1978)). A portion of the *Allen v. Harvey* rule was codified in Tenn. Code Ann. § 31-2-105, which provides, in pertinent part, that a person born out of wedlock is "a child of the father, if: . . . (B) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, . . . ." Tenn. Code. Ann. § 31-2-105 (a)(2)(B) (2002).

Tenn. Code Ann. § 31-2-105, does not, however, "address the second limitation found in *Allen v. Harvey*, that 'rights of inheritance have not finally vested.'" *Bilbrey v. Smithers*, 937 S.W.2d 803, 806 (Tenn. 1996) (quoting *Allen*, 568 S.W.2d at 835). Our Supreme Court addressed this issue in *Bilbrey v. Smithers*, and held:

a child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.

*Bilbrey*, 937 S.W.2d at 808.

Under Tenn. Code Ann. § 30-2-306, creditors are allowed four months from the date of the first publication or posting of the Notice to Creditors in which to file claims against the estate. *See* Tenn. Code Ann. § 30-2-306(c) (2002). Tenn. Code Ann. § 30-2-307 provides that creditor's claims shall be barred unless filed within the four month period. *See* Tenn. Code Ann. § 30-2-307(a)(1) (2002).

There is no genuine issue as to any material fact. Plaintiff is, admittedly, a child born out of wedlock. Therefore, Plaintiff had four months from the date of the first publication or posting of the Notice to Creditors in which to establish paternity by clear and convincing proof. Plaintiff admits she received the letter informing her of the need to establish paternity. Plaintiff did not

-4-

establish paternity within the four month period allowed. Defendant conclusively established the affirmative defense of statute of limitations. Even viewing all evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, as we must, we hold, as did the Trial Court, that Plaintiff's claim is time barred. As Plaintiff's claim is barred, Defendant is entitled to summary judgment as a matter of law unless Defendant is estopped from denying Plaintiff is a child of the Deceased. Therefore, we affirm on this issue.

We next consider whether the Trial Court erred in holding Defendant is not estopped from denying Plaintiff is an heir of the Deceased. Plaintiff's brief argues that Defendant recognized Plaintiff as an heir in the Amended Petition and, as such, Defendant should be judicially estopped from denying Plaintiff is an heir. Plaintiff argues she should be entitled to rely upon the sworn statements made in the Amended Petition, rather than on the unsworn assertions set forth in the Notice to Creditors letter. Rephrasing Plaintiff's argument on this issue, we understand Plaintiff's position to be that even if her claim might be barred by the statute of limitations, Defendant should be estopped from raising or relying on the statute of limitations to deny that Plaintiff is the Deceased's child.

When "one states on oath, in a former litigation, . . . in a pleading, . . . a given fact as true, he will not be permitted to deny that fact in a subsequent litigation . . . [b]ut such statements will not estop the party from proving the truth, if he can show they were made inconsiderately, by mistake, or without full knowledge of the facts." *Tate v. Tate*, 148 S.W. 1042, 1053-54 (Tenn. 1912). As this Court has explained:

> The doctrine of judicial estoppel applies only where there has been a willful misstatement of fact - that is, perjury. It does not apply where there has been an explanation showing that the previous allegedly contradictory statement was inadvertent, inconsiderate, mistaken, or anything short of a wilfully false statement of fact.

*Woods v. Woods*, 638 S.W.2d 403, 406 (Tenn. Ct. App. 1982) (citations omitted).

The *Woods* case involved a situation wherein the defendant alleged facts in a complaint in an action for annulment. *Id*. at 404. Defendant's spouse died before an annulment could be granted. *Id*. The *Woods* plaintiff then sought to have judicial estoppel applied to prevent the defendant from claiming a spouse's share of the estate. *Id*. at 405. The *Woods* Court found judicial estoppel would not apply and held defendant was not taking an inconsistent position in claiming to be the surviving spouse even though she had filed an action for annulment. *Id*. at 406. The *Woods* Court noted the defendant had alleged facts in the complaint, which, if proven, would have entitled her to an annulment. *Id*. The annulment, however, was never granted. *Id*. at 404. Thus, defendant was the surviving spouse. *Id*. at 406.

The instant case is similar to the *Woods* case in that Plaintiff seeks to have judicial estoppel applied to prevent Defendant from denying statements made in an initial pleading. If the

allegations regarding paternity made in the Petition or Amended Petition were proven, Plaintiff would be entitled to inherit from Deceased. However, the allegations never were proven. Plaintiff did not take steps to establish paternity with the four month period allowed. In addition, as the Trial Court noted, a petition is "a preliminary form that must be completed before an administrator can be appointed" and, as such, may be completed with incomplete or inaccurate information due to lack of "time, authority, or resources to discover all the relevant facts." There was no willful misstatement of fact, or perjury, in the Amended Petition. The Trial Court found judicial estoppel would not apply. We agree.

The Trial Court also analyzed the case using equitable estoppel.

> In order to constitute an equitable estoppel, estoppel by conduct, or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.

*Ryan v. Lumbermen's Mut. Cas. Co.*, 485 S.W.2d 548, 550 (Tenn. 1972) (citations omitted).

"Estoppel can never be invoked to establish facts, but may only be used to prevent parties from relying upon facts which do exist." *McLemore v. Memphis & C.R. Co.*, 69 S.W. 338, 344 (Tenn. 1902). The doctrine of estoppel can be invoked only to prevent a party "from challenging the asserted right after its existence ha[s] been shown prima facie and independently of the doctrine." *Melton v. Anderson*, 222 S.W.2d 666, 672 (Tenn. Ct. App. 1948).

As the Trial Court noted, in order for Defendant to prevail on summary judgment as to this issue, she need only negate an essential element of Plaintiff's estoppel claim. In order to successfully assert estoppel, Plaintiff must show, *inter alia*, that she justifiably relied upon the statements contained in the Amended Petition and the accompanying affidavits. Unfortunately for Plaintiff, she cannot and does not deny she received the letter informing her of the need to establish paternity. Thus, Plaintiff could not have justifiably relied upon the statements in the Amended Petition and the accompanying affidavits. The Notice to Creditors letter affirmatively negates the justifiable reliance element of Plaintiff's estoppel claim, and Defendant, therefore, successfully negated an essential element of Plaintiff's claim.

Plaintiff cannot rely upon estoppel to establish paternity, and thus, defeat summary judgment. As we noted earlier, paternity never was proven and estoppel cannot be invoked to establish facts. The Trial Court correctly held Defendant was not estopped from denying Plaintiff is an heir of the Deceased. We, therefore, affirm on this issue.

For these reasons, we hold that the Trial Court did not err in holding that estoppel did not prevent the application of the statute of limitations. Further, we hold that the Trial Court did not err in holding that Plaintiff's claim is barred by the applicable statute of limitations.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Adrian B. Scaife, and her surety.

_____
D. MICHAEL SWINEY, JUDGE