# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 30, 2015 Session

# KATHLEEN BARRETT ET AL.[1] v. OCOEE LAND HOLDINGS, LLC ET AL.

### Appeal from the Chancery Court for Polk County
### Nos. CV-7539 and CV-1274    Jerri Bryant, Chancellor

_____

### No. E2015-00242-COA-R3-CV-FILED-JANUARY 25, 2016

_____

The issues in this case bring into sharp focus the question of whether or not the successful litigants below are entitled contractually to an award of attorney's fees and expenses against the losing side, *i.e.* the plaintiffs. This litigation began in 2010 when Kathleen Barrett and her husband, Gerald Barrett, filed suit against three LLCs[2] and three individuals. The gravamen of the complaint is related to the purchase of, and the planned construction of a house on, a lot in a subdivision. Following a jury trial, the defendants now before us on appeal won a favorable verdict on all allegations and theories of the plaintiffs. Despite this outcome, the trial court denied their request for an award of attorney's fees and expenses. The defendants now appeal. The defendants contend that two of the LLC defendants are entitled to an award of fees and expenses based upon contracts in the record. Furthermore, they argue that the individual defendants also are entitled to attorney's fees and expenses (1) based upon a theory of judicial estoppel and (2) pursuant to the provisions of Tenn. Code Ann. § 48-249-115(c) (2012). The Barretts filed a motion in this Court seeking a dismissal of this appeal. They based their motion primarily on a lack of standing. We hold that the motion is without merit. On the issue of attorney's fees and expenses, we reverse the trial court's decision in part and affirm it in part. This case is remanded for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part; Case Remanded for Further Proceedings

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Stephen Scott Duggins, Chattanooga, Tennessee, for the appellant, Louis F. Lentine.

_____

[1] The appellees did not appear and present an argument on the date scheduled for oral argument. Accordingly, we will review their portion of the case on their brief.

[2] One of the original defendants – Land Discoveries, LLC – is not a party to this appeal.

John P. Konvalinka and Thomas M. Gautreaux, Chattanooga, Tennessee, for the appellants, Ocoee Land Holdings, LLC, Ocoee Mountain Homes, LLC, Paul Fetzner, and Glen Fetzner.

Everett B. Gibson, Memphis, Tennessee, for the appellees, Gerald Barrett and Kathleen Barrett.

**OPINION**

I.

In December 2008, the Barretts entered into a "Purchase and Sale Contract" with Ocoee Land Holdings, LLC (the Lot Seller) to purchase a lot in the Ocoee Mountain Club residential development. A few months later, they signed a "Construction Contract" with Ocoee Mountain Homes, LLC (the Home Builder) to construct a residence on the lot. The defendants Louis F. Lentine, Paul Fetzner, and Glen Fetzner formed both LLCs.

In October 2010, the Barretts filed suit against the Lot Seller, the Home Builder, and the individuals involved in those entities, namely Lentine, Paul Fetzner, and Glen Fetzner. We will sometimes refer to the two LLCs and the three individuals collectively as "the defendants." The Barretts' suit alleged, and sought a recovery pursuant to, (1) breach of contract, (2) civil conspiracy to commit wrongdoing, (3) the Consumer Protection Act, and (4) the Fraudulent Conveyance Act. They also sought an accounting, a declaratory judgment, and punitive damages. Shortly thereafter, two other couples who had purchased lots in the same subdivision filed suit alleging similar claims against the same defendants. The two suits were consolidated in November 2011. The Barretts and the two other couples later added a cause of action in January 2013 for promissory fraud.

In December 2012, upon the separate motions of Lentine and Glen Fetzner, the trial court dismissed all claims against Lentine and the Fetzners (collectively, the individual defendants) "with the exception of [p]laintiffs' request for an accounting as [to] homeowners' dues, and any claims asserted by [p]laintiffs against these [d]efendants for fraud and conspiracy." The plaintiffs' verified complaint was amended in January 2013.

In January and February 2014, the case was tried before a jury in a multi-day trial. At the close of the plaintiffs' proof, the defendants moved for a directed verdict. The court granted the motion as to the breach of contract claim against all defendants except the Home Builder, but reserved the remaining issues for the jury. Following this, all plaintiffs except the Barretts voluntarily nonsuited their claims. The jury returned a verdict for the defendants on each of the remaining causes of action. Significantly, the final order – signed by counsel for all parties – reserved the issue of attorney's fees and

2

expenses for the trial court. Subsequently, all the defendants filed applications for attorney's fees and expenses. After a hearing, the court entered an order in January 2015 denying all requests for fees and expenses, holding as follows:

> Glen Fetzner and Paul Fetzner have claimed a right to attorney's fees under several theories. The contract was signed between [p]laintiffs and [the Lot Seller] and not by the Fetzners individually. Therefore, the court denies the request for attorney's fees by the individuals under a breach of contract theory.
>
> The individuals also assert they are entitled to fees pursuant to an indemnity provision with the LLC. The court holds this action does not fall under [Tenn. Code Ann.] § 48-249-115. Therefore, the request for fees by Paul Fetzner, Glen Fetzner, and Louis Lentine fails.
>
> Next, with reference to the LLC [d]efendants, this court finds while the [d]efendants did ask for attorney['s] fees, the contract does not provide for fees in this situation and, therefore, the claims of [d]efendants for fees are denied.

The defendants appeal the trial court's refusal to award attorney's fees.

## II.

The defendants raise similar issues on appeal. We restate the issues as follows:

> Whether the trial court erred by refusing to award the Lot Seller and the Home Builder the attorney's fees and expenses they incurred in defending against the breach of contract claims asserted by the Barretts.
>
> Whether the trial court erred in refusing to award the attorney's fees and expenses incurred by the individual defendants, the request for which was based upon (1) judicial estoppel and (2) Tenn. Code Ann. § 48-249-115(c).

## III.

We review the trial court's findings of fact de novo upon the record. Tenn. R. App. P. 13(d). Those findings are presumed to be correct unless the evidence preponderates otherwise *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284

3

S.W.3d 303, 308 (Tenn. 2009) (citing Tenn. R. App. P. 13(d)). We review the trial court's conclusions of law de novo with no presumption of correctness. *McLarty v. Walker*, 307 S.W.3d 254, 257 (Tenn. Ct. App. 2009). We note that contract interpretation is a question of law. *Clark v. Rhea*, No. M2002-02717-COA-R3-CV, 2004 WL 63476, at *2 (Tenn. Ct. App. M.S., filed Jan. 13, 2004) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). Again, our de novo review is without a presumption of correctness. *Clark*, 2004 WL 63476, at *2.

IV.

A.

We begin our review by considering the Barretts' motion to dismiss this appeal. The Barretts cite two grounds: (1) that the Lot Seller and the Home Builder have been administratively dissolved pursuant to Tenn. Code Ann. § 48-249-605(c) (2012) and, therefore, lack standing; and (2) that the individual defendants have no contractual rights against the Barretts, and, therefore, in any event, are not entitled to recover attorney's fees or expenses. In addition to its substantive claims, we note that the Barretts' motion also seeks consideration of what they refer to as "post-judgment" facts.

All the defendants but Lentine filed a response challenging the Barretts' motion on procedural and substantive grounds. In their responses, these defendants argue that the Barretts are wrong to rely on facts that are not really "post-judgment" in nature. *See* Tenn. R. App. P. 14.[3] They also point out that the Barretts are precluded from raising an

---

[3] This rule provides in part:

> (a) Power to Consider Post-Judgment Facts. The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act.

> (b) Motion to Consider Post-Judgment Facts. A motion in the Supreme Court, Court of Appeals, or Court of Criminal Appeals to

4

issue with us that was not raised in the trial court. Additionally, they argue that the thrust of the Barretts' motion to dismiss is at odds with Tenn. Code Ann. § 48-249-622 (2012), which provides that any of the former members of a dissolved LLC may assert or defend a claim by or against the LLC after it has been administratively dissolved.

"Our courts have consistently held that issues not raised before the trial court are waived and will not be entertained on appeal." *Stevens v. Livingston*, No. M2012-02562-COA-R3-CV, 2013 WL 5309888, at *4 (Tenn. Ct. App. M.S., filed Sept. 19, 2013) (citation omitted). Tenn. R. App. P. 14 "empowers an appellate court, in its discretion, to consider certain facts which *occur after judgment*." *Duncan v. Duncan*, 672 S.W.2d 765, 766-67 (Tenn. 1984) (emphasis added). The advisory comment to Rule 14 is instructive:

> Although the appellate court should generally consider only those facts established at trial, it occasionally is necessary for the appellate court to be advised of matters arising after judgment. These facts, unrelated to the merits and not genuinely disputed, are necessary to keep the record up to date. . . .

In their motion to dismiss, the Barretts point out that the two LLCs now before us were "administratively dissolved" under Tenn. Code Ann. § 48-249-605(c) (2012). They argue, therefore, that the LLCs lack standing in this case. According to the Barretts' motion, the Lot Seller and the Home Builder have been administratively dissolved since August 9, 2011, despite the Lot Seller's 2013 incomplete attempt at reinstatement. We note that this suit has been ongoing since 2010 and that the trial court entered a judgment regarding attorney's fees and expenses some five years later.

The facts regarding the involuntary dissolution of the two LLCs did not occur *after* the judgment, but rather well before it. The matter of dissolution was alleged in the plaintiffs' amended complaint of January 23, 2013. These defendants acknowledged the dissolution in their answer to that complaint. Since these facts did not occur after the judgment, but rather before, Tenn. R. App. P. 14 is not applicable.

On the issue of lack of standing, it is clear that the plaintiffs did not raise this issue in the trial court. Since this issue was not raised below, it cannot be raised on appeal.

---

> consider post-judgment facts pursuant to subdivision (a) of this rule shall be made in the manner provided in rule 22. The appellate court may grant or deny the motion in whole or in part and subject to such conditions as it may deem proper.

Tenn. R. App. P. 14 (a)–(b) (emphasis removed).

We note in passing, however, that an LLC does not automatically lose standing because it is no longer in existence. The Tennessee 2005 Revised Limited Liability Company Act "[o]f course . . . allows specified individuals to pursue claims in the name of an LLC after its dissolution." *Law v. Bioheart, Inc.*, No. 2:07-CV-2177, 2009 WL 693149, at *8 n.15 (W.D. Tenn. Mar. 13, 2009) (citing Tenn. Code Ann. § 48-249-622). Tenn. Code Ann. § 48-249-605(c) (2012) permits an LLC that has been administratively dissolved to "wind up and liquidate its business affairs under § 48-249-601." Specifically, Tenn. Code Ann. § 48-249-622 states that "[a]fter the existence of an LLC has been terminated, any of its former managers . . . may assert or defend, in the name of the LLC, any claim by or against the LLC." We decline to grant the Barretts' motion to dismiss as it relates to the Lot Seller and the Home Builder.

The Barretts also ask us to dismiss the appeal regarding the individual defendants on the grounds that they "have no contractual rights against [a]ppellees and cannot recover any attorney['s] fee or expense award in any event." In response, the defendants on appeal argue two theories that they contend support an award of attorney's fees and expenses to the individual defendants – judicial estoppel and indemnification. We will consider both theories later in this opinion.

B.

In their brief on appeal, the Barretts also challenge the defendants' request for attorney's fees on the ground that the issue was not properly raised at trial. Citing *Childress v. Union Realty Co.*, No. 2003-02934-COA-R3-CV, 2005 WL 711960 (Tenn. Ct. App. W.S., filed March 28, 2005), the Barretts argue that there is "no right to recover an attorney['s] fee award notwithstanding a contractual right, where the party applying for a fee failed to offer proof on this issue at a jury trial." The Barretts further contend that "it is obvious that no agreement was reached among counsel for any of the parties to reserve the issue of attorney's fees for the court after the end of the jury trial." We disagree with the Barrett's position on this point.

In *Childress*, we refused to award attorney's fees because "the parties demanded a jury to try all disputed issues of fact," but "no evidence was presented to the jury" on the issue of attorney's fees. *Childress*, 2005 WL 711960, at *7. As a result, we held "[t]he trial court was not authorized to resolve a jury issue without the interposition of the jury." *Id.* (citation omitted).

The case now on appeal is different from *Childress*. In the present case, the trial court held that the parties had agreed to reserve the attorney's fees issue for determination by the court. In a January 2015 order, the trial court stated "[t]he issue of attorney's fees was reserved at a pre-trial conference by agreement and in addition by Order on 2/18/14." At the pre-trial conference, the court asked the parties to make any stipulations. Counsel for Glen Fetzner responded in part, "I did not address the attorney['s] fees because I

assume that's an issue for the Court . . . ." The plaintiffs' counsel responded "obviously that's a matter for the Court and not for the jury." Additionally, the attorney's fees issue was not included in the jury verdict form, though both the plaintiffs and defendants had requested attorney's fees in prior pleadings. Finally, an "Order of Judgment" filed by the trial court on February 18, 2014, stated "that any and all claims for attorney['s] fees against [p]laintiffs, Kathleen and Gerald Barrett, are hereby reserved and shall be addressed pursuant to the filing of an application for an award of fees and expenses." Counsel for all parties signed the order. Prior to submitting the order to the court, opposing counsel sent the Barretts' attorney a copy via email seeking to know "if the proposed Order of Judgment is acceptable to you." The Barretts' counsel responded, "I have reviewed the order draft . . . I have no objection. You may sign my name to the order." These facts support the trial court's holding that the parties reserved the issue for the court.

## V.

### A.

Next, we turn to the issues raised by the defendants regarding the trial court's refusal to award attorney's fees to the two LLCs. Generally, "[l]itigants must pay their own attorney's fees absent a statute or agreement providing otherwise." *J & B Inv., LLC v. Surti*, 258 S.W.3d 127, 138 (Tenn. Ct. App. 2007) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)). Tennessee follows the American rule, which permits a civil party litigant to "recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Epperson*, 284 S.W.3d at 308 (citing *Taylor,* 158 S.W.3d at 359). The decision to follow the American rule is based on several public policy considerations. *Epperson*, 284 S.W.3d at 308. "[A]s a general principle, the American rule reflects the idea that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." *Id.* at 309 (citing *House v. Estate of Edmondson*, 245 S.W.3d 372, 377 (Tenn. 2008)).

Contract provisions that award attorney's fees to the prevailing party will be strictly construed. *Starnes Family Office, LLC v. McCullar*, No. 10-2186, 2012 WL 566749, at *1 (W.D. Tenn. Feb. 21, 2012) (*see Clark,* 2004 WL 63476, at *2). "The entitlement to recover attorney's fees . . . is limited to the situation agreed to by the parties in the contract, and the fee provision is subject to the rules of contract interpretation." *J & B Inv.,* 258 S.W.3d at 138 (internal citation omitted). Tennessee only allows this exception to the American rule "when a contract *specifically* or *expressly* provides for the recovery of attorney fees." *Epperson*, 284 S.W.3d at 309 (citing *House,* 245 S.W.3d at 377) (emphasis in original). "The only way parties to a contract have been able to specifically and expressly create a right to recover attorney fees has been by

7

incorporating the phrase 'including reasonable attorney fees' or some other similar, yet equally specific, contractual language." ***Epperson***, 284 S.W.3d at 310.

We apply the following principles of contract interpretation:

> The cardinal rule . . . is to ascertain the intention of the parties and give effect to that intention. Where no ambiguity exists, this Court must attribute the ordinary meaning to the words used and neither party is to be favored in their construction. This Court's duty is to enforce contracts according to their plain terms. However, where ambiguous, the language of a contract will be construed most strongly against the drafting party.

***Clark***, 2004 WL 63476, at *2 (internal citations omitted).

The two contracts at issue here both include attorney's fee provisions. The Lot Seller drafted the Purchase and Sale Contract between the Barretts as buyers and the LLC as seller. In relevant part, the contract provides:

> ATTORNEY['S] FEES: In any litigation arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney fees and costs (including all trial and appellate levels).

(Capitalization in original; paragraph numbering in original omitted.) The Construction Contract, drafted by the Home Builder, is between it and the Barretts. In relevant part, it provides

> ATTORNEY['S] FEES AND COSTS: If any party to this Contract brings a cause of action against the other party arising from or relating to this Contract, the prevailing party in such proceeding shall be entitled to recover reasonable attorney fees and court costs.

(Capitalization in original; paragraph numbering in original omitted.) By entitling the "prevailing party" to an award of "reasonable attorney['s] fees," the language expressly and specifically articulates an intention to create a contractual right for the prevailing party to recover attorney's fees in *certain* litigation.

Under both contracts, the current litigation fits the factual scenario contemplated in the attorney's fee provision. In the Purchase and Sale Contract, the parties agree to an award of reasonable attorney's fees and expenses to the prevailing party in litigation

8

"arising out of [the] Contract." In relevant part, the Purchase and Sale Contract states that "Buyer is responsible for the first year of the Homeowner's Association dues at closing[.]" Addendum A to the contract provides that "Buyer agrees and accepts the Homeowner's Association of this community and the associated fees . . . are mandatory to owning property in this community." The verified complaint alleged breach of contract for "[m]isappropriation of homeowner association dues," among other things. Therefore, part of the litigation arose out of facts contemplated by the attorney's fee provision in the Purchase and Sale Contract provision.

The Construction Contract states that to receive attorney's fees, the litigation must be between one party of the contract against another and "arising from or relating to [the] Contract." The Construction Contract lists a payment schedule and states funds paid will be used "for performing the services set forth in the scope of the work," which states the Home Builder will ". . . perform all work necessary for completion of the residence. . . ." The Barretts claim the Home Builder breached its contract by failing "to perform the construction contract" and "complete final construction," as well as misappropriation of construction loan funds. In the verified complaint, plaintiffs requested attorney's fees from the Home Builder under this contract provision.

Finally, each of the two LLCs clearly was the "prevailing party." When reviewing contractual attorney fee clauses, Tennessee courts have defined the "prevailing party" as " 'the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue . . . . The one in whose favor the decision or verdict is rendered and judgment entered.' " *Clark*, 2004 WL 63476, at *3 (quoting *Dairy Gold, Inc. v. Thomas*, No. E2001-02463-COA-R3-CV, 2002 WL 1751193, at *4 (Tenn. Ct. App. E.S., filed July 29, 2002)). Here, the defendants successfully defended against all of the Barretts' allegations and theories at trial.

"When a provision in the contract provides for the collection of attorney's fees from the unsuccessful party in the event litigation arises, the prevailing party is entitled to enforcement of the contract according to its express terms." *Seals v. Life Inv'rs Ins. Co. of Am.*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. M.S., filed Dec. 30, 2003) (citing *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988)). Based on the plain terms of the attorney's fee provision in the Purchase and Sale Contract and the Construction Contract, the LLCs are each entitled to the enforcement of their contractual right to recover reasonable attorney's fees and expenses in this litigation. For the above reasons, we hold that the trial court erred when it failed to enforce the attorney's fee provisions in the Purchase and Sale Contract and the Construction Contract. With regard to this issue, we reverse the judgment of the trial court and remand for an award of reasonable fees and expenses.

B.

We now turn to the issue regarding the trial court's decision to deny attorney's fees and expenses to the individual defendants. Unlike the two LLCs, the individual defendants are not parties to the Purchase and Sale Contract or the Construction Contract. As we have previously noted, under the American rule, "in the absence of a contract, statute or recognized ground of equity, attorney's fees are not recoverable from the unsuccessful party in a lawsuit." *Clark*, 2004 WL 63476, at *2 (citing *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979)). The individual defendants argue they should receive attorney's fees on two grounds – judicial estoppel and indemnification under Tenn. Code Ann. § 48-249-115.

We first consider judicial estoppel. Defendants contend that the Barretts took the position in their verified complaint that the individual defendants were liable under the contracts and cannot now argue to the contrary. According to the defendants, the Barretts are barred by judicial estoppel from making that argument. The Barretts deny their current position contradicts their prior one.

Although the Barretts originally pursued a breach of contract claim against the individual defendants, it does not appear that this claim was pursued at the beginning of or during the trial. Well before trial, the defendants filed motions to dismiss the claims asserted against the individual defendants. In a ruling entered in December 2012, the trial court dismissed "all claims asserted by Plaintiffs in this matter against defendants, Glen Fetzner, Louis F. Lentine, Jr., and Paul Fetzner," except for claims for fraud, conspiracy, and an accounting. Following this, the plaintiffs filed an amended verified complaint, stating, in part,

> [t]he three individual defendants will hereinafter sometimes be referred to, both individually and collectively as "The Promoters." . . . The Promoters and [the two LLCs] will hereinafter sometimes be referred to, both individually and collectively, as "The Tennessee Defendants."

> * * *

> The Tennessee Defendants are guilty of breach of their contracts with plaintiffs in each of the following respects . . .

> * * *

10

> As a result of the Tennessee Defendants' breach of contract, plaintiffs are entitled to recover compensatory damages from each of The Tennessee Defendants.

(Paragraph numbering in original omitted.) The jury verdict form submitted before trial included a breach of contract claim against only the two LLCs. During opening statements, counsel for Lentine asserted that "[t]he contracts that are at issue in this case are contracts with entities, with companies. . . . [T]he breach of contract theory . . . isn't asserted against Mr. Lentine or Mr. Paul Fetzner or Glen Fetzner."

After the defendants moved for a directed verdict at trial, the following exchange occurred between the plaintiffs' counsel, *i.e.* Gibson, and counsel then solely representing G. Fetzner, *i.e.* Konvalinka, indicating confusion about the plaintiffs' breach of contract claim:

> THE COURT: Any response to the breach of contract part claims as to the individuals?
>
> MR. GIBSON: . . . [W]e do have a breach of contract against all five. But, no, Your Honor, that's all we have.
>
> THE COURT: All right.
>
> MR. KONVALINKA: And I apologize, Your Honor. I may be confused. I thought he was not seeking a breach of contract with regard to the three individual defendants but only against the two entities: Ocoee Land Holdings and Ocoee Mountain Homes, Limited Liability Company. I thought we established that . . . . I mean, as I understand where we were at the conclusion –
>
> THE COURT: Well, let's not argue where you understood where we were. This is a motion for directed verdict. As to the individuals, I'll direct a verdict on the breach of contract claims. So let's just move on.

The trial court subsequently granted a directed verdict to the Lot Seller and the individual defendants as to the plaintiffs' breach of contract claim. At the following day of trial, counsel for both sides argued before the trial court whether the individual defendants should have been included in the order granting a directed verdict for the breach of contract claim:

11

MR. GIBSON: . . . Now, my point simply is this: The motion that you granted yesterday as to a directed verdict on a contract count could not have applied to the two Fetzners and Mr. Lentine simply because that had already been dismissed by an order that was entered two years ago.

THE COURT: Well, I apologize if I didn't recall an order from two years ago.

MR. GIBSON: Well, I didn't see –

THE COURT: Then it's a nullity. . . It's a nullity --

MR. GIBSON: I understand that, but I'm just saying –

THE COURT: – if there was already an order down.

MR. GIBSON: If it's a nullity to the Court, then I have no problem.

THE COURT: I mean, if I already granted – if they were already dismissed, there was nothing left to dismiss on a breach of contract claim, but I understood you-all had been arguing all these contracts for the whole time.

\*     \*     \*

MR. KONVALINKA: . . . I actually brought this point up during the course of the motion for directed verdict and said I thought that they were not pursuing the breach of contract claims against the individuals, specifically Glen Fetzner, Paul Fetzner, and Lou Lentine, and the response was that they were. And we argued that before the Court, and the Court directed a verdict at the conclusion of that with regard to Ocoee Land Holdings, Limited Liability Company, and each of the three individuals with regard to the land lot sales. . . .

\*     \*     \*

MR. GIBSON: Your Honor, may I point out simply, I dispute what Mr. Konvalinka says about what I said. We

12

submitted a jury verdict form to the Court three weeks ago or whenever it was, and it's very plain from the jury verdict form that we had no intention of going against the three individuals for breach of contract. The breach of contract interrogatory does not include the three defendants, the three individual defendants. We intended to respect your order of two years ago completely, and in our jury verdict form we certainly did. If I misspoke otherwise, I apologize, but it was a mistake.

"[T]he doctrine of judicial estoppel is applicable only when a party has attempted to contradict by oath a sworn statement previously made." *Epperson*, 284 S.W.3d at 315 (emphasis removed) (*citing Allen v. Neal*, 396 S.W.2d 344, 346 (Tenn. 1965)). " 'It has been termed a quasi estoppel which estops a party from playing fast and loose with the courts. . . .' " *Gerber v. Segal*, No. W2001-01709-COA-R3-CV, 2003 WL 327519, at *3 (Tenn. Ct. App. W.S., filed Feb. 11, 2003) (emphasis removed) (quoting *Woods v. Woods* 638 S.W.2d 403, 406 (Tenn. Ct. App. 1982)). However, this doctrine is not favored in Tennessee. *Rogersville Inv. Corp. v. Meridian Ins. Grp., Inc.*, No. E2007-00600-COA-R3-CV, 2007 WL 2480221, at *6 (Tenn. Ct. App. E.S., filed Sept. 4, 2007) (citing *Guzman v. Alvares,* 205 S.W.3d 375, 382 (Tenn. 2006)). "Anything short of 'conscious and deliberate perjury' is insufficient to give rise to the doctrine of judicial estoppel." *Echols v. Echols*, No. E2006-02319-COA-R3-CV, 2007 WL 1756711, at *3 (Tenn. Ct. App. E.S. filed June 19, 2007) (citing *State ex rel. Scott v. Brown,* 937 S.W.2d 934, 936 (Tenn. Ct. App. 1996)). In defense, "a litigant is entitled to have an opportunity to explain that a prior statement was inadvertent, made inconsiderately, or based on a mistake of fact or law before the doctrine of judicial estoppel can be applied." *Robertson v. Hodges*, No. E2009-01335-COA-R3-CV, 2010 WL 2593965, at *5 (Tenn. Ct. App. E.S., filed June 28, 2010) (citing *Frazier v. Pomeroy*, No. M2005-00911-COA-R3-CV, 2006 WL 3542534, 10-11 (Tenn. Ct. App. Dec. 7, 2006)).

The facts here do not meet this high standard. The 2012 order dismissed any breach of contract charge against the individual defendants; the jury verdict form did not include them in the charge for breach of contract, while it specifically named the LLCs; and the plaintiffs' counsel admitted that any statement by him at trial implying a breach of contract claim against the individual defendants was "a mistake." After reviewing the applicable law and relevant facts, we hold that the trial court was well within its discretion to reject the defendants' argument that the individual defendants should be awarded attorney's fees under the doctrine of judicial estoppel.

13

C.

Finally, we turn to the issue of whether an award of fees and expenses to the individual defendants from the plaintiffs is mandated by the fact the two LLCs are required to indemnify the individual defendants under Tenn. Code Ann. § 48-249-115. In pertinent part, this statute provides:

> Mandatory indemnification. An LLC shall indemnify a responsible person who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the person was a party, because the person is or was a responsible person, against reasonable expenses incurred by the person in connection with the proceeding.

Tenn. Code Ann. § 48-249-115(c). The same statute defines a "responsible person" as

> an individual who is or was a director of a director-managed LLC, a manager of a manager-managed LLC or a member of a member-managed LLC, or an individual who, while a director of a director-managed LLC, a manager of a manager-managed LLC, or a member of a member-managed LLC, is or was serving at the LLC's request as a director, manager, officer, partner, trustee, employee or agent of an employee benefit plan or any other foreign or domestic entity.

Tenn. Code Ann. § 48-249-115(a)(6).

Based on this statute, the defendants conclude that when the Barretts sued an individual defendant because of his actions as a "responsible person" of the LLC, then the above statute requires the LLC to indemnify that individual. They argue that, as a consequence of this indemnification requirement, if this court awards the two LLCs attorney's fees, then that award should include the fees the entities will be required to pay to indemnify "responsible persons" involved in the same litigation, *i.e.*, the individual defendants. Glen Fetzner states in his brief,

> [b]ecause G. Fetzner falls within the definition of a "Responsible person," and wholly prevailed on the claims that were asserted against him by the Barretts, which were based upon actions taken by G. Fetzner in his capacity as a member of OMH and OLH, pursuant to Tenn. Code Ann. § 48-249-115, OMH and OLH are legally obligated to indemnify G. Fetzner as to all expenses that he incurred in defending this lawsuit. Because OMH and OLH are bound to

14

pay these additional defense costs, OMH and OLH are entitled to recover such fees and expenses from the Barretts to the extent that they relate to G. Fetzner's defense of the Barretts' claims.

Counsel for Lentine similarly argues, "the reasonable attorney fees and expenses of the individual defendants inherently become part of the entities' reasonable attorney fees and expenses."

Tenn. Code Ann. § 48-249-115(c) obligates the two LLCs to pay certain litigation costs incurred by their "responsible persons." However, this obligation cannot be counted toward overall cost of litigation of the two LLCs that they may seek under the attorney's fee provisions in the related contracts. Holding otherwise would allow an LLC to pass on its statutory obligation to indemnify "responsible persons" to the unsuccessful third-party in a lawsuit simply through indemnification. As we stated above, the American rule, does not allow the recovery of attorney's fees from the unsuccessful party in a lawsuit "in the absence of a contract, statute or recognized ground of equity." **Clark**, 2004 WL 63476, at *2 (citation omitted). The statutory scheme under discussion does not expressly or by clear implication impose upon the plaintiffs a statutory duty to pay fees and expenses arising out of this litigation.

In **Pullman Standard, Inc. v. Abex Corporation**, 693 S.W.2d 336, 338 (Tenn. 1985), the Tennessee Supreme Court recognized an exception to the American rule, holding "that the right of indemnity which arises by operation of law, based upon the relationship of the parties . . . includes the right to recover attorney['s] fees and other litigation costs which have been incurred by the indemnitee in litigation with a third party." (internal citation omitted.) But that holding only allows for the recovery of attorney's fees based on the relationship of the parties, such as the relationship of employer and employee. Similarly, Tenn. Code Ann. § 48-249-115(c) obligates only the LLC to indemnify responsible persons, which is not at issue. Based on a review of the applicable law and relevant facts, we find that the trial court was correct to hold that this action does not fall under Tenn. Code Ann. § 48-249-115.

In summary, we affirm the trial court's decision rejecting the individual defendants' argument that they are entitled to an award of fees and expenses under the authority of judicial estoppel and Tenn. Code Ann. § 48-249-115(c). However, we reverse the trial court's judgment denying the two LLCs a recovery for their reasonable fees and expenses under the relevant provisions of the two subject contracts.

VI.

The judgment of the trial court is affirmed in part and reversed in part. Costs on appeal are assessed one-half to the appellees, Kathleen and Gerald Barrett, and one-half

to the appellants, Louis F. Lentine, Paul Fetzner, and Glen Fetzner. We remand this case to the trial court with instructions to the court to hold a hearing to determine the reasonable attorney's fees and expenses of the two LLCs to be assessed against the Barretts.

_____
CHARLES D. SUSANO, JR., JUDGE